THE PORTLAND SILK COMPANY *v.* CITY OF MIDDLE-TOWN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 8, 1938—decided February 7, 1939.

*Don Cambria,* for the appellant (defendant).

*Lawrence A. Howard,* with whom was *Julius G. Day, Jr.,* for the appellee (plaintiff).

JENNINGS, J.  The report of the referee finds the following facts: In October, 1936, the plaintiff owned land in Middletown on which stood three factory buildings assessed together at $104,500.  The board of relief, on appeal, refused to reduce this assessment. The plaintiff's principal stockholder died in 1935 and the Chemical Bank and Trust Company of New York made every effort to sell the property.  It was finally sold in separate parcels for a total of $33,500 after much bargaining and correspondence with interested buyers.  The market for manufacturing buildings in Middletown has been poor for many years but on the date in question there was a market for factory plants in Connecticut and there had been several sales in Middletown and nearby cities. The then present true and actual value and fair market value of the property was $45,000.  The details of construction, cost of replacement and labor and flood conditions in the neighborhood were also found.

The defendant's remonstrance attacks the report of the referee as finding numerous facts without evidence and claims that many facts should be added as admitted and undisputed.  The purpose of this wholesale attack is to undermine the finding of the ultimate fact that the property of the plaintiff had a fair market value. An examination of the evidence certified, with the assistance of the table provided in the

plaintiff's brief, shows that no correction in the report can be made which will advantage the defendant. The finding that the factory of the Hartford Battery Company was sold for $15,000 is not supported by the evidence and the finding that the Pratt & Whitney Company sold a factory for $28,500 is only supported by hearsay evidence of little intrinsic value. The trial court evidently did not use these figures in determining the value of the property here in question but only as evidence that there was a market for such property and any correction as regards these findings would not be material to the result.

The defendant contends that, in the absence of proof of other sales of like property in the open market there can be no finding of market value. Section 1149 of the General Statutes provides that, "the present true and actual value of any estate shall be deemed by all assessors and boards of relief to be the fair market value thereof, and not its value at a forced or auction sale." In *Underwood Typewriter Co.* v. *Hartford*, 99 Conn. 329, 336, 122 Atl. 91, we said: "It is also evident that the words 'market value' in this statute mean a value in a market, in a place or in conditions in which there are, or have been or will be within a reasonable time, willing sellers and able and ready buyers of property like that to be assessed, and in which sales are or have been made, or may fairly be expected, in the usual and natural way of business." A generally accepted definition of market value is "the price that would in all probability—the probability being based upon the evidence in the case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy." *Sharpe* v. *United States*, 112 Fed. 893, 898; *Chicago Railway Equipment Co.* v. *Blair*, 20 Fed. (2d) 10, 13; *Lawrence* v. *Boston*, 119 Mass. 126, 128, 132; *Ligare* v. *Chicago, M. & N. R.*

*Co.,* 166 Ill. 249, 263, 46 N. E. 803; *People ex rel. Sebring* v. *Dowd,* 200 N. Y. S. 500, 501; *Mississippi & Rum River Boom Co.* v. *Patterson,* 98 U. S. 403, 408. Property may be found to have a market value in the absence of evidence of other sales of like property in the open market. Whether other sales are evidence of the amount of such value presents a different question. See note, 118 A. L. R. 869. The finding that the property had a fair market value must stand.

The finding of the committee that the market for factory plants on the assessment date was depressed means no more than that such property was then selling for a less price than it might bring at other times. But the value at which property is to be assessed is its value at the time of the assessment and if there is a market for it, that the price which would be received for it is less than it would bring at some other time does not prevent the fixing of the value as that which would actually be paid for it in the market at the date of the assessment.

The only other ground of remonstrance pursued on appeal relates to the admission of evidence. The excerpt from the evidence contained in the transcript indicates that a plaintiff's witness was called to testify to sales of similar properties in similar localities within six months of October 1, 1936, for the purpose of showing that there was a market value for such properties in Middletown. He testified to sales of similar properties in Milldale and Hartford. The defendant objected that these places were not "a near enough vicinity." Evidence of value is made up of numerous factors. "If the committee used evidence in the decision of any appeal not properly to be considered, that might be ground for relief." *Appeal of Cohen,* 117 Conn. 75, 82, 166 Atl. 747. The finding of the referee was that the market area was state rather than

town and was poor in Middletown itself. The evidence objected to was relevant to this finding and was excluded by no affirmative rule of law. It was therefore admissible. *Locke* v. *Kraut,* 85 Conn. 486, 489, 83 Atl. 626. "Whether this evidence was so remote in point of time [space] as to be irrelevant was a matter within the discretion of the trial judge; it was within his power either to receive or exclude it, as he might think would best promote justice in view of the circumstances known to him. Error in its admission, therefore, is not well assigned upon that objection." *Knox* v. *Binkoski,* 99 Conn., 582, 586, 112 Atl. 400. Sales of property outside the locality in question may properly be considered. *Jones* v. *United States,* 258 U. S. 40, 48, 42 Sup. Ct. 218; *Dewey* v. *Williams,* 43 N. H. 384, 387; *Haines* v. *Republic Fire Ins. Co.,* 52 N. H. 467, 468; *Forest Preserve District* v. *Barchard,* 293 Ill. 556, 562, 127 N. E. 876; *Lowell* v. *County Commissioners,* 146 Mass. 403, 408, 413, 16 N. E. 8. As stated on the plaintiff's brief, it would rarely be possible in a small community to produce testimony of the sale of an identical factory in the same vicinity. The ruling was fairly within the discretion of the referee on the issue before him.

There is no error.

In this opinion the other judges concurred.