EDWARD S. ANDREWS *v.* WILLIAM J. COX, HIGHWAY
COMMISSIONER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 5, 1940—decided January 10, 1941.

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (defendant).

*James P. Sweeney,* for the appellee (plaintiff).

MALTBIE, C. J. The highway commissioner, proceeding under the authority of § 1528 of the General Statutes, filed with the clerk of the Superior Court an appraisal of damages for taking a strip of land along the front of the plaintiff's property for the purpose of widening a highway, and from that appraisal the plaintiff appealed. On the remaining land of the plaintiff is a dwelling house. The matter was referred to a state referee, who made a report in which he made findings as to the amount of damages to

which the plaintiff was entitled in the event that the court applied any one of three possible rules for measuring them. Omitting a reference to certain elements which were the same in all cases, the referee found that the plaintiff was entitled to "15% depreciation on the dwelling house by reason of the remote possibility of travel use up to the taking line nearest to the dwelling house, a total of $923," making the total damages on this basis $1333; if, however, the state was to be regarded as having "taken this strip of land for all highway purposes except that of actual travel upon it, thus eliminating the extreme possibility of travel use to its westerly taking line, the secondary damage to the appellant's dwelling house by reason of the taking would not exceed the sum of $100 instead of the $923 damage which that extreme possibility brings into existence"; but if the plaintiff was correct in his claim that it must be assumed that after the taking "actual travel will extend to the taking line . . . the secondary damage to his house would be the cost of moving it back, which would be $2000, and the other items of his damage remaining constant . . . his total damage would be $2410." The trial court gave judgment fixing the damages as the last sum, $2410, and the highway commissioner has appealed.

When a portion of a tract of land is taken the rule for estimating the damages to which the owner is entitled, in the absence of unusual circumstances (*Stamford* v. *Vuono,* 108 Conn. 359, 370, 143 Atl. 245), is thoroughly settled; it is " 'the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it thereafter and after the completion of the public improvement.' " *Stock* v. *Cox,* 125 Conn. 405, 418, 6 Atl. (2d) 346. Generally speaking, market value is " 'the price that would in all probability—the prob-

ability being based upon the evidence in the case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy.'" *Portland Silk Co.* v. *Middletown*, 125 Conn. 172, 174, 4 Atl. (2d) 422. From this it follows that in determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land; *Mississippi & Rum River Boom Co.* v. *Patterson*, 98 U. S. 403, 408; *Sargent* v. *Merrimac*, 196 Mass. 171, 178, 81 N. E. 970; 2 Lewis, Eminent Domain (3d Ed.) p. 1232; Orgel, Valuation under Eminent Domain, p. 192; unless, indeed, the considerations advanced are not a necessary, natural or proximate result of the taking. *Meriden* v. *Zwalniski*, 88 Conn. 427, 434, 91 Atl. 439; see Orgel, op. cit., p. 200. The determination of the damages to be paid requires the consideration of "everything by which the value is legitimately affected"; *Holley* v. *Torrington*, 63 Conn. 426, 433, 28 Atl. 613; *Platt* v. *Milford*, 66 Conn. 320, 332, 34 Atl. 82; but "considerations that may not reasonably be held to affect market value are excluded." *Olson* v. *United States*, 292 U. S. 246, 256, 54 Sup. Ct. 704; 18 Am. Jur. 880.

The damages to be paid are to be determined as of the time of taking. *Appeal of Phillips*, 113 Conn. 40, 43, 154 Atl. 238; *Fox* v. *South Norwalk*, 85 Conn. 237, 243, 82 Atl. 642. When land is taken for a highway the public authorities, except as modified by statute, acquire "the right to make any changes in the highway which the changing needs of traffic may thereafter render necessary, without compensation to the owner of the fee; thus it may alter its grade or the location of the traveled portion or it may subject it to new and more burdensome uses, and may do any act necessary to accomplish these purposes." *Tyler* v. *Darien*, 115

Conn. 611, 613, 162 Atl. 837. Consequently the damages for such a taking may, in a proper case, include those which will result in the future from the use of the land taken to a greater extent or in a way different from that immediately contemplated. To this general rule there is a statutory exception as regards changes of the grade of certain highways in the future. Section 1438 of the General Statutes provides that whenever the owner of land adjoining a public highway shall sustain special damage, or receive special benefits, to his property by reason of any change in its grade or of excavations in it made in the process of repairing it "by the town, city or borough, in which such highway may be situated, or by any corporation, whether acting by authority or direction of the public utilities commission or otherwise, such town, city, borough or corporation shall be liable to pay such owner the amount of such special damages and shall be entitled to receive from him the amount of value of such special benefits." The general rule that damages can be awarded for future changes in the use of land taken for a highway is qualified so far as that statute permits a recovery for subsequent changes of grade when they are made, but it has not been extended to apply to land taken by the highway commissioner, under § 1528. In such a proceeding as the one before us, therefore, damages for future changes in grade may in a proper case be taken into account.

The adaptability of the land remaining to the owner for use in view of the improvement to be made may be a proper element to be considered. *New York, N. H. & H. R. Co.* v. *New Haven,* 81 Conn. 581, 585, 71 Atl. 780; *Campbell* v. *New Haven,* 101 Conn. 173, 180, 125 Atl. 650; *Alishausky* v. *MacDonald,* 117 Conn. 138, 142, 167 Atl. 96; *Stock* v. *Cox,* 125 Conn. 405, 419, 6 Atl. (2d) 346. So any expenses which are rea-

sonably necessary to adapt the remaining land to use in view of changes to be made in the land taken may properly enter into the damages to be awarded. The statute concerning damages for change of grade uses the words "special damages," and while it is recognized that these words are not technically correct, such expenses are regarded as falling within them. *Platt* v. *Milford,* 66 Conn. 320, 330, 34 Atl. 82; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000; *Pickles* v. *Ansonia,* 76 Conn. 278, 281, 56 Atl. 552; *Forbes* v. *Orange,* 85 Conn. 255, 258, 82 Atl. 559. The more accurate statement is, however, that such expenses are not recoverable as such but are evidence of elements in the decrease in market value, of which they may be an accurate measure. "The certainty or probability of future expenditures on the property rendered necessary or desirable by the changed conditions resulting from the completion of the public improvement, may affect the present value of the property after the improvement is completed, but they affect it only indirectly and are not in themselves recoverable items of damage." *Gaylord* v. *Bridgeport,* 90 Conn. 235, 240, 96 Atl. 936; *Appeal of Phillips,* 113 Conn. 40, 43, 154 Atl. 238; *Bishop* v. *Meriden,* 114 Conn. 483, 485, 159 Atl. 289. So physical changes in the land taken involved in the improvement as contemplated, are to be considered. *Park City Yacht Club* v. *Bridgeport,* 85 Conn. 366, 371, 82 Atl. 1035.

Upon the basis that, in a proper case, future changes in the use of the land taken may be considered in determining its market value, the report of the referee in this case presents very concretely the question as to the extent to which possible future uses are to be considered. We have not been entirely consistent in our statements upon this matter. In *Healey* v. *New Haven,* 47 Conn. 305, the case principally

relied upon by the plaintiff, an owner of land abutting on a highway sought damages claimed to be due because of expenses made necessary in adapting his property to a change of grade in the highway. The action was brought before the enactment of § 1438, permitting a recovery of damages for a change of grade in an existing highway. We held that the owner could not recover, summing up our law in this way (p. 314): "Whenever land is taken for a street or highway it is presumed that damages are assessed with reference to any possible use of the land for such a purpose; and where the face of the land is such, or the relations of the proposed street to other streets are such, as to render it probable that changes in the grade will be required, damages are supposed to be estimated accordingly." The statement that damages for taking land for a highway should include such future changes of grade as are "probable" accords with the statements from later opinions quoted hereafter. In *Appeal of Cohen,* 117 Conn. 75, 83, 166 Atl. 747, we held that improvements made by other landowners subsequent to the public work in question and independent of it are immaterial but that this did not "exclude from consideration changes in the use of other abutting property which are the reasonably probable result of the improvement; the test is, will the particular change in conditions be such a reasonably probable result of the improvement that it affects the present value of the property." In *Munson* v. *MacDonald,* 113 Conn. 651, 659, 155 Atl. 910, we said that "the measure of damages should be based upon such use of the land taken as would in any reasonable anticipation be most disadvantageous to the landowner." In *Tyler* v. *Darien,* supra, 618, we said: "The plaintiff is entitled to damages based upon the right which the town acquires by the taking of the land to subject it in the

future to any use which the changing needs of traffic may require."

Applying the principle that the determination of market value requires a consideration of all those elements which an owner or prospective customer could reasonably urge as affecting the fair market price of the land, it becomes at once apparent that to restrict consideration to future changes which are reasonably probable is to rule out changes which, though not within that category, are so possible of occurrence that they might reasonably be held to affect present market value. Such changes may properly be considered. On the other hand, if the possibility of the use of the land taken, to a certain extent or in a certain way, is so remote that it would not enter into the contemplation of a prospective seller or purchaser, that use is not to be regarded in determining the market value of the property, or if the likelihood of such use, while not so remote as to be entirely disregarded would affect the price only to a limited extent, damages should be determined upon that basis. Thus if the widening of a highway brings the boundary of the land taken close to a house upon the remainder of a tract and the uses of the land taken for highway purposes immediately contemplated or reasonably to be anticipated, would make its removal a reasonable way in which to conserve the value of the property, the cost of that removal might be an element in determining the damages to be awarded. See McGrath v. Waterbury, 111 Conn. 237, 241, 149 Atl. 783. However, the mere bringing of the highway boundary nearer to the building would not in itself entitle the landowner to have the cost of moving it further back taken as a measure of an immediate decrease in market value; the trier might reasonably conclude that, in view of all the circumstances, the possibility of such use of the land

taken as would bring the traveled portion of the highway so near as reasonably to require the removal was so remote that the cost could not be allowed. *Pierce* v. *Chicago & Milwaukee E. R. Co.,* 137 Wis. 550, 559, 119 N. W. 297. Certainly a landowner could not justly claim a recovery of such cost where the circumstances are such that there was nothing more than a remote possibility that the traveled portion of the highway would be extended to or near the boundary at some indefinite time in the distant future; it might well be that before this occurs he will have sold the property for a price into the determination of which such a possibility did not enter, or the house will have been torn down or removed for reasons entirely apart from the widening of the highway. *Chase* v. *Worcester,* 108 Mass. 60, 67. Where a state referee has reason to believe, as apparently was the case here, that the court will be called upon to determine the correctness of his conclusion as to the amount of damages allowed for possible future changes in the use of land taken for a highway, he should find such subordinate facts as will fairly present that question. Practice Book, § 169; *Stehlin-Miller-Henes Co.* v. *Bridgeport,* 97 Conn. 657, 664, 117 Atl. 811. Nothing in the subordinate facts found by the state referee in this case justifies a conclusion that the possibility of actual travel being extended to the taking line was of such a nature that it could reasonably be held to be one which would enter into the determination of the price to be asked or paid by a seller or buyer respectively; and there was no basis for awarding damages as the trial court did, upon the assumption that it would so extend. The trial court should not have given damages upon the third basis for measuring them stated in the referee's report. Reading that report as a whole, it is doubtful whether the referee used a proper measure of damages

in reaching any of his conclusions. Under the circumstances, the report should be recommitted for a new finding of damages in accordance with this opinion.

In passing we note that the judgment entered in this case was that the plaintiff recover of the defendant highway commissioner the amount of damages found due, with costs. Under § 1531 of the General Statutes, the function of the court goes no farther than to determine upon the appeal the amount due the plaintiff, which then, under the provisions of § 1529, is to be paid by the treasurer upon the certification of the clerk. The judgment should have merely determined the amount of damages for the taking of the land to which the plaintiff is entitled.

There is error, and the case is remanded with direction to recommit the report of the state referee for the determination of damages in accordance with this opinion.

In this opinion the other judges concurred.