## THE HARVEY TEXTILE COMPANY, INC. v. G. ALBERT HILL, HIGHWAY COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued June 7—decided August 2, 1949.

*Carl A. Lundgren,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom was *William L. Hadden,* attorney general, for the appellee (defendant).

JENNINGS, J.   The defendant took land and a factory building of the plaintiff for highway purposes and

appraised its damages at $42,500. The plaintiff appealed to the Superior Court, where the matter was referred to a state referee. He valued the building at $37,500 and the land at $4600, or a total value of property taken of $42,100. He also found that the cost of disassembling, moving and reassembling the machines in the factory would be $5000. He found that if as a matter of law the plaintiff was entitled to recover for the cost of removal of this personal property the damages were $47,100. If the plaintiff was not entitled to recover such cost, the damages were $42,100. The trial court gave judgment for the lesser sum and the plaintiff appealed to this court. He claims that he is entitled to the removal costs.

Article first, § 11, of the Connecticut constitution provides: "The property of no person shall be taken for public use, without just compensation therefor." General Statutes, Rev. 1930, § 1528 (Rev. 1949, § 2264) provides: "The highway commissioner may take any land he may find necessary for the layout . . . of any trunk line highway and the owner of such land shall be paid by the state for all damages. . . ." The statute, which implements the constitutional provision as applied to takings by the highway commissioner, is very broad. It provides for the payment of "all damages." Public Acts, 1911, c. 217, § 2, used the word "damages"; Public Acts, 1915, c. 189, § 1, and General Statutes, Rev. 1918, § 1500, used the words "special damage." The section last cited was repealed by Public Acts, 1925, c. 263, § 54, and the words now in use, "all damages," were substituted by § 35 of that chapter.

In *Andrews* v. *Cox,* 127 Conn. 455, 457, 17 A. 2d 507, the damages to be allowed for the taking of a portion of the plaintiff's property were in issue. In discussing this question, market value was set up as the standard and this was defined as follows: Generally speaking,

market value is the price that would in all probability
—the probability being based upon the evidence in
the case—result from fair negotiations, where the seller
is willing to sell and the buyer desires to buy. *Portland Silk Co.* v. *Middletown,* 125 Conn. 172, 174, 4 A.
2d 422. From this it follows that in determining
market values in awarding damages for land taken, it is
proper to consider all those elements which an owner or
a prospective purchaser could reasonably urge as affecting the fair price of the land, unless, indeed, the considerations advanced are not a necessary, natural or
proximate result of the taking. The determination of
the damages to be paid requires the consideration of
everything by which the value is legitimately affected.

The problem in the *Andrews* case was to determine
the reasonable probability of the future use of the
entire strip taken. If there was a reasonable probability that the whole strip was to be devoted to traffic, the
expense of moving the house back would become a
valid element in determining market value. "On the
other hand, if the possibility of the use of the land
taken, to a certain extent or in a certain way, is so
remote that it would not enter into the contemplation
of a prospective seller or purchaser, that use is not to
be regarded in determining the market value of the
property, or if the likelihood of such use, while not so
remote as to be entirely disregarded would affect the
price only to a limited extent, damages should be determined upon that basis." *Andrews* v. *Cox,* supra,
462.

The difficulty of determining fair market value on
such a broad basis is apparent, and this is recognized
in the opinion just cited and in *Hollister* v. *Cox,* 131
Conn. 523, 526, 41 A. 2d 93. It has been done, however, under varying circumstances. *Winchester* v. *Cox,*
129 Conn. 106, 116, 26 A. 2d 592 (effect of restricted

use) ; *Andrews* v. *Cox,* supra, 478 (effect on remaining land) ; *Gabriel* v. *Cox,* 130 Conn. 165, 169, 32 A. 2d 649 (cost of removal of house) ; see *Lovejoy* v. *Darien,* 131 Conn. 533, 538, 41 A. 2d 98 (oyster beds and cost of removal of oysters). In *Hollister* v. *Cox,* supra, 525 (value of land containing gravel), the following rule, from 1 Nichols, Eminent Domain (2d Ed.) § 226, was approved: "When a tract of land taken by eminent domain contains ore, stone, coal, sand, gravel, peat, loam, oil or gas or other valuable deposits, which constitute part of the realty, or is covered with growing crops, or with trees capable of being converted into lumber, the existence of these features can be taken into consideration in determining the compensation so far as they affect the market value of the land; but the market value of the land as land remains the test, and there can be no recovery for any of the foregoing elements, valued separately as merchandise as items additional to the value of the land." It is true that these cases are concerned with real property. Since the statute provides for the recovery of "all damages" and since everything by which the value is legitimately affected is to be considered, the only remaining question is whether the necessity of removing the machinery legitimately affected the market value of the property.

A simple illustration will bring out the application of these principles to the case at bar. An owner would demand a higher price for a factory containing complicated and valuable machinery than he would for the same building idle and empty, because he would be faced with the necessity of moving his machinery to save it. His willingness to sell would be affected by this consideration, which would thus enter into the fixing of a fair market value. It was therefore the duty of the trier to consider this element in arriving at the

fair market value, not as a separate specific sum of money to be added to the value of the land but as evidence tending to prove its fair market value.

The defendant in effect concedes that this is the rule, for he says in his brief: "Undoubtedly a seller—a willing seller—would consider indirectly the element of removal of personal property, such as machinery and fixtures, when he offers to sell his property on the open market. It is therefore proper to assume that consideration has been given to this element by the trier when he finds the fair market value of the property taken." The conclusion does not follow the premise. It is apparent from the report of the state referee that he excluded this element in determining the fair market value of the land and building, since he found the cost of removal as a separate specific item.

The decisions elsewhere are not in harmony on this subject. It is discussed in 1 Nichols, Eminent Domain (2d Ed.) c. 14; 2 Lewis, Eminent Domain (3d Ed.) c. 20, particularly § 724 et seq.; Orgel, Valuation under Eminent Domain, c. 5. As these writers indicate, the weight of authority is to the effect that cost of removal of personal property is not in itself a legal element of damage. Yet many cases have allowed such cost. Illustrative of these are: *Richmond* v. *Williams,* 114 Va. 698, 703, 77 S. E. 492; *Blincoe* v. *Choctaw, O. & W. R. Co.,* 16 Okla. 286, 296, 83 P. 903. *West Side Elevated R. Co.* v. *Siegel,* 161 Ill. 638, 646, 44 N. E. 276, involved the special considerations attached to the taking of a leasehold interest; note, 3 A. L. R. 2d 286; but the general subject is examined. See also Cripps, Compensation (7th Ed.) p. 172; *United States* v. *General Motors Corporation,* 323 U. S. 373, 379, 65 S. Ct. 357, 89 L. Ed. 311; *North Coast R. Co.* v. *Kraft Co.,* 63 Wash. 250, 261, 115 P. 97. The trial court erred

in fixing the damages on a basis which excluded the element under consideration.

This opinion goes somewhat beyond the rather narrow assignment of error, but, as the Connecticut cases cited show, the proper measure of damages in condemnation proceedings is an active source of litigation at the present time. The interests of public welfare and justice require that the subject be considered in its broader aspects. *Leary* v. *Citizens & Mfrs. National Bank,* 128 Conn. 475, 478, 23 A. 2d 863.

There is error, the judgment is set aside and the case is remanded with direction to recommit the report of the state referee for the determination of damages in accordance with this opinion.

In this opinion the other judges concurred.