FRANK DELVECCHIO *v.* NEW HAVEN REDEVELOPMENT AGENCY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 7—decided May 24, 1960

*William L. F. Felstiner*, with whom, on the brief,. was *Walter G. Farr, Jr.*, for the appellant (defendant).

*Robert I. Berdon*, for the appellee (plaintiff).

BALDWIN, C. J. The plaintiff had owned property and operated a bakery on Lafayette Street in New Haven for twenty-three years. The defendant con-

demned the property and on October 10, 1958, allowed $52,200 damages. The plaintiff appealed to the Superior Court and the case was referred to a state referee, who found the fair and reasonable value of the property at the time of the taking to be $64,400. In the alternative, he found that if, as a matter of law, the cost of moving the machinery used in the plaintiff's business "should be taken into consideration in determining the fair market value of the property taken," the fair and reasonable value of the property would be $66,945. Practice Book § 169. He pointed out that on February 28, 1959, the plaintiff sold his business, including the machinery and good will. Under the terms of the sale, the plaintiff paid the cost of moving the machinery and reassembling it at its new location. This cost was $2545. The trial court concluded that the cost of moving the machinery properly entered into a determination of the amount of damages to be awarded to the plaintiff and rendered judgment for $66,945, or $14,745 in addition to the $52,200 allowed by the defendant. In its appeal to this court, the defendant raises the single question whether the cost of moving the machinery was a proper consideration in the determination of damages.

When the property of the plaintiff was taken, he had an immediate right to just compensation. General Statutes § 8-129. "[J]ust compensation means a fair equivalent in money for the property taken as nearly as its nature will permit." *Winchester* v. *Cox,* 129 Conn. 106, 114, 26 A.2d 592; *Moss* v. *New Haven Redevelopment Co.,* 146 Conn. 421, 425, 151 A.2d 693. In the case at bar, fair market value is the proper measure. *Winchester* v. *Cox,* supra; *Campbell* v. *New Haven,* 101 Conn. 173, 181, 125 A. 650. Fair market value is a price which, in fair negotiations,

a willing buyer and a willing seller could probably agree upon. *Portland Silk Co.* v. *Middletown,* 125 Conn. 172, 174, 4 A.2d 422; *Andrews* v. *Cox,* 127 Conn. 455, 457, 17 A.2d 507; *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 397, 94 A.2d 1. In the awarding of damages for land taken, it is proper to consider all the elements which an owner and prospective purchaser could reasonably urge as factors influencing the price of the land and which legitimately affect value. *Humphrey* v. *Argraves,* 145 Conn. 350, 353, 143 A.2d 432; *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.,* 144 Conn. 509, 513, 134 A.2d 253; *Altman* v. *Hill,* 144 Conn. 233, 240, 129 A.2d 358; *Housing Authority* v. *Lustig,* 139 Conn. 73, 76, 90 A.2d 169; *Andrews* v. *Cox,* supra, 458.

In the instant case, the referee's alternative award was based on a consideration of the cost of moving the machinery, not as a separate and distinct item of damages, but as evidence bearing upon fair market value. There is no attack on the referee's report. The trial court thus properly held that in the alternative award the cost of removal was treated by the referee in accordance with the rule laid down in *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 689, 67 A.2d 851. See *Humphrey* v. *Argraves,* supra. The defendant urges that we overrule the *Harvey* case because it fails "to examine both sides of the sales equation, . . . to consider that the seller's moving expenses are of no benefit to the buyer." See 1 Orgel, Valuation under Eminent Domain (2d Ed.) p. 315. The defendant argues that the rule fails to consider the prospective buyer's moving expenses and that they render the seller's moving expenses irrelevant. As we pointed out in *Harvey Textile Co.* v. *Hill,* supra, 690, the decisions elsewhere are not in harmony

on this matter. See comment, "Eminent Domain Valuations in an Age of Redevelopment: Incidental Losses," 67 Yale L.J. 61, 76, 78 & n.77. A determination of value is, from its very nature, a matter of opinion reached by the exercise of sound judgment. *National Folding Box Co.* v. *New Haven*, 146 Conn. 578, 585, 153 A.2d 420. The justice of some allowance for moving costs in condemnation proceedings has been recognized in legislation. See Military and Naval Installations Act, § 401(b), 66 Stat. 624 (1952); Slum Clearance, Urban Renewal and Farm Housing Act, 70 Stat. 1100, as amended, 42 U.S.C. § 1456 (f) (2) (1958); N.Y. Pub. Housing Law § 153(1). The subsequent sale of the plaintiff's business and the assumption of the moving cost by the plaintiff are incidental but not determinative factors. The value is fixed as of the date of the taking and on the basis of the factors then in existence. There is nothing in this case which requires a change in our established rule.

There is no error.

In this opinion the other judges concurred.