(January 17, 1962)

HUMBLE OIL & REFINING COMPANY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35662.)

*Per Curiam.* In 1957 the State undertook the widening and reconstruction of State Route No. 14 in the Village of Watkins Glen. The usable area of the claimant's gasoline station, which was located on a corner, was reduced approximately 40% by the widening of both contiguous streets.

The cost of relocation of the islands, wiring, the sign and the grading amounted to $9,879.54. The total award was $48,000. This was a partial taking and the claimant used the value before and after method of proof based on the capitalization of income in arriving at the respective valuations. Where there is a complete taking, the capitalization method is proper (see *Katz* v. *State of New York,* 10 A D 2d 164; *Sunnybrook Realty Co.* v. *State of New York,* 11 A D 2d 888, affd. 9 N Y 2d 960; *Matter of City of New York* [*Lincoln Sq. Slum Clearance*], 15 A D 2d 153), but here where there is only a partial taking there is no basis for the application of such a method.

After reviewing all of the evidence of the before and after value excluding the capitalization formula, we are of the opinion that the amount awarded for the land taken (0.235 of an acre) is excessive and should be reduced to $20,000, together with the cost of relocation of $9,879.54 for a total award of $29,879.54, with interest, and as so modified the judgment should be affirmed, with costs to the respondent.

Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.

Judgment modified, on the law and the facts, by reducing the amount for the land taken to $20,000, together with the cost of relocation of $9,879.54 for a total award of $29,879.54, with interest, and as so modified, the judgment is affirmed, with costs to the respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON WEST, Appellant.— Argument May Term 1961 and reargument at September Term 1961 directed to the effect of the decision in *Mapp* v. *Ohio* (367 U. S. 643). Judgment reversed and a new trial granted for the reasons and purpose stated in *People* v. *Loria* (10 N Y 2d 368) and upon its authority. We do not consider the other contentions advanced by appellant herein to warrant a reversal. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

In the Matter of WILLIAM GELLER, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents revoking petitioner's license to practice medicine. In the findings at all stages below it has been found that petitioner was convicted of a crime in the Court of General Sessions of the County of New York; was convicted of a crime in the United States District Court for the Southern District of New York, and was guilty of fraud and deceit in the practice of medicine. Substantial evidence supports such findings. The Board of Regents had authority to increase the degree of discipline recommended by the subcommittee, and upon this record there is no justification for court interference with the determination revoking petitioner's license. (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361.) Determination unanimously confirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.