HUNTER PRESS, INC. *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

BALDWIN, C. J., KING, MURPHY, SHEA and PASTORE, Js.

Argued June 13—decided July 27, 1962

*Igor I. Sikorsky, Jr.,* with whom, on the brief, was *H. Meade Alcorn, Jr.,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom were *Milton H. Richman,* assistant attorney

general, and, on the brief, *Albert L. Coles,* attorney general, for the appellee (defendant).

Murphy, J. The plaintiff has appealed from the judgment rendered on the report of a state referee reassessing the damages for the taking of the plaintiff's property by the defendant for highway purposes. The referee denied the plaintiff's motion to correct the report, the plaintiff excepted to the report, and the court overruled the exception. The only issue is whether the referee should have included the entire reasonable cost of moving the plaintiff's presses and other equipment in determining the fair market value of the property taken.

None of the facts found by the referee have been disputed. The principal conclusions based on those facts are attacked. Briefly, the material facts found by the referee are that the plaintiff has conducted a complete, fully equipped and specialized printing business in its own buildings for many years. The fair value of the property for that purpose is $147,000. The presses, binders, preset forms, type, casting metal, paper and other stock and equipment weighed over 1,000,000 pounds. The actual—and reasonable—cost of dismantling, moving and then reassembling the plaintiff's equipment at its new location was $67,426.20. From these basic facts, the referee concluded that a willing seller would ask $215,000 for the property in order to cover his moving costs, whereas a willing buyer would start negotiations at $147,000, the actual value of the property. Thereafter, negotiations would continue until an agreed price of $180,000 was reached. The referee concluded further that $180,000 was the fair market value of the property. All of these conclusions, except the one that a willing seller would

originally ask $215,000, have been challenged. They are subject to review to determine whether they are reasonable and proper in view of the subordinate facts found and the applicable principles of law. *Cohn* v. *Hartford,* 130 Conn. 699, 706, 37 A.2d 237; *Gowdy* v. *Gowdy,* 120 Conn. 508, 509, 181 A. 462.

We find no support for these conclusions in the facts found. In effect, the conclusions amount to a determination that a property owner with an established profitable business would voluntarily and willingly sell his property at its actual value plus 50 percent of the cost of establishing the business in a new location. That does not jibe with reality. While the owner might be impelled to do so if forced to sell, we have never used distress factors in determining fair market value. See *DelVecchio* v. *New Haven Redevelopment Agency,* 147 Conn. 362, 363, 161 A.2d 190; *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 689, 67 A.2d 851. There is nothing in the subordinate facts from which could be drawn a conclusion that a willing seller at $215,000 would still be a willing seller at $180,000, even after haggling with the buyer. As only the conclusions reached by the referee are challenged, it is not within our province to review the evidence. *Altman* v. *Hill,* 144 Conn. 233, 239, 129 A.2d 358. The court should have corrected the report for the reason that the conclusions under attack were not properly reached on the basis of the subordinate facts found. Practice Book §§ 174, 176.

There is error, the judgment is set aside and the case is remanded with direction to correct the referee's report in accordance with this opinion and proceed thereafter in accordance with law.

In this opinion the other judges concurred.