## WALTER PATERSON *v.* NEWMAN E. ARGRAVES, HIGHWAY COMMISSIONER

KING, C. J., MURPHY, ALCORN, SHANNON and LEIPNER, JS.

Argued November 5, 1964—decided January 20, 1965

*Dwight F. Fanton,* with whom was *William B. Rush,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant).

MURPHY, J.  Pursuant to the statutes, the plaintiff appealed to the Superior Court from an appraisal of $30,000 damages by the defendant on July 13, 1956, for the taking of 2.71 acres of the plaintiff's land in Stratford for the Connecticut Turnpike.  The matter was referred to a state referee, who, after fully hearing the parties, submitted his report to the court.  In it, he found the damages sustained by the plaintiff from the taking in four alternative amounts.  The plaintiff moved to accept the report in accordance with the fourth alternative amount of $247,415, and the defendant moved its acceptance in the first alternative of $73,100.  The court rendered judgment for the plaintiff for $104,540, adopting the second alternative. The plaintiff has appealed.

Prior to the taking on July 13, 1956, the plaintiff was the owner of 9.35 acres of land on which, beginning in 1927, he had conducted a light forging business.  For several years prior to the taking, he had made extensive preparations to expand his plant to do heavy forging and for this purpose had acquired many heavy machines and other equipment as well as a building 640 feet long, which, in knocked down condition, had been stored on the property with the other equipment.  The 2.71 acres taken extended diagonally across the plaintiff's tract, bisecting it into two parcels, one of 1.03 acres completely severed from the other of 5.61

acres. The buildings used in the plaintiff's business were on the 5.61-acre parcel. The 1.03-acre parcel became useless in the plaintiff's business. The taking did not affect the value or use of the buildings devoted to the going business. It did, however, prevent the plaintiff from carrying out his expansion program at that location because there was insufficient area within which to construct a building exceeding 360 feet in length or to utilize all of the equipment he had acquired for the heavy duty operation. There is a suitable site for the plaintiff's projected expansion available to him within ten miles of his property. The cost at the time of the taking of dismantling and reassembling the machinery and equipment used in the light forging business and moving it and the items for the heavy duty operation to the new site was $142,875. The plaintiff maintains that this amount, in addition to the award of $104,540, represents the damage which he sustained in the taking and that the judgment should be corrected to award him damages of $247,415.

The referee found the value of the plaintiff's property before the taking to be $220,200. In his first alternative, he found its value to be $147,100 after the taking, the damages thus being $73,100. This was the amount of damages which the defendant asked the court to adopt. The figure included $60,800 for the strip taken and $12,300 for severance damage to the 1.03-acre parcel.

In the second alternative, the referee, in addition to the two specific items of damage set forth in the first alternative, found severance damage of $31,440 to the 5.61-acre parcel, so that the value of the entire property after the taking was reduced to $115,660, and the damages from the taking became

$104,540. The elements of value arising out of the relation of the condemned portion to the tract of which it was a part constitute severance damage. *United States* v. *Miller,* 317 U.S. 369, 376, 63 S. Ct. 276, 87 L. Ed. 336. It should be included in the compensation to the owner. In this second alternative, upon which the court rendered judgment, the severance damage to the remainder after the taking included the element of decrease in value caused by the destruction of the right to use the entire property for the projected expansion.

The third alternative included the cost of moving in the determination of damages but did not allow for severance damage to the 5.61-acre parcel. The fourth alternative included both the cost of moving and the severance items in fixing the damages. The plaintiff argues that he is entitled to a judgment of $247,415 under the fourth alternative.

In short, is the plaintiff entitled to recover in the award the cost of moving his going business, which can still operate on the remaining property, to a new location and also the cost of moving the personal property which he had accumulated for the enlarged operation? We think not. In each of the cases upon which the plaintiff relies, *Hunter Press, Inc.* v. *Ives,* 150 Conn. 32, 183 A.2d 842, *DelVecchio* v. *New Haven Redevelopment Agency,* 147 Conn. 362, 161 A.2d 190, and *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 67 A.2d 851, the condemnor took not only the land but also the buildings in which the businesses were being conducted, and in those cases we held that in the determination of the fair market value of the property the cost of moving the machinery and equipment was an element to be considered. The condemnees were forced to move in order to carry on their existing operations. That is not the

situation here. The allowance for severance damage to the two parcels remaining after the taking reflects all of the incidental damage suffered by the plaintiff in addition to the value of the parcel taken.

There is no error.

In this opinion the other judges concurred.