**CHAIN BELT COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 19, 1965.

Rehearing Denied July 2, 1965.

James W. Stites, James W. Stites, Jr. (Stites, Peabody & Helm) Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., James J.

Shannon, Jr., and W. R. Patterson, Jr., Dept. of Highways, Frankfort, for appellee.

DAVIS, Commissioner.

This condemnation proceeding presents the question whether the appellant condemnee is entitled to recoup the expenses it incurred for removal and relocation of its machinery and equipment from the condemned property. The trial court, by dismissing appellant's appeal from the Jefferson County Court, effectively determined that the expenses incident to removal and relocation of the machinery and equipment are not compensable.

Appellant had its entire operation—office, laboratory and factory—at its site at Jackson Street and River Road in Louisville. The plot contained about 4½ acres, and was considered by appellant as "highly satisfactory and quite ample for necessary expansion." The appellee Department of Highways elected to acquire the appellant's site incident to certain interstate highway construction. The Department and appellant agreed that $475,000 is the fair market value of the property acquired (the entire tract was taken). However, appellant insisted that in addition to that sum it should be awarded a sum equal to its actual expense in removing and relocating its machinery and equipment from the condemned site. By appropriate judgment in the Jefferson County Court in this condemnation proceeding, the sum of $475,000 was awarded appellant for the property taken; the question as to whether appellant should recover the expenses of removing and relocating the machinery and equipment was reserved for adjudication. The removal and relocation expenses amount to $46,193.-23; it is not contended that the sum so expended is unreasonable.

The appellant urges that §§ 13 and 242 of the Kentucky Constitution require the payment of the expenses in question. It is observed that § 13, Kentucky Constitution, provides in pertinent part: " * * * nor

shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him." The expression "just compensation" also occurs in § 242 of our Constitution. Appellant reasons that these constitutional sections impel the conclusion that "the property owner should be compensated for the losses he sustains as a result of the taking of his property by the State for public use." This argument is buttressed by quotation from East Ky. Rural Electric Coop. Corp. v. Smith, Ky., 310 S.W.2d 535, wherein this Court said:

"In determining what compensation should be paid for an easement taken under the power of eminent domain, the measure is its market value to the owner of the land taken and the loss caused to him by the taking and depriving him of its use. He is entitled to just and full compensation for both."

The quoted language is not authority for the argument. It is noted that the same opinion construes the very language as the Court's basis for holding that the property owner is entitled to show every legitimate use of his land and "everything that affects market value." We consider that the phrase "the loss caused to him by the taking and depriving him of its use" as used in the just quoted passage ultimately relates to the question of difference in market value, before and after the taking. This is made plain by this further quotation from the same opinion:

"In short, the appellees here were entitled to recover such sum as would equal the difference in the market value of their entire property immediately before the taking and after the easement is taken, that market value being in a large degree its value as a potential subdivision to the growing city which it adjoins." ibid. 310 S.W.2d, p. 539.

Appellant cites Commonwealth v. Ball, 246 Ky. 584, 55 S.W.2d 413. In that opinion reference is made to evidence that the own-

er would have to move his house back from 30 to 50 feet, at an estimated cost of $3,600. This Court there said that this evidence was proper, as it affected "damage[s] to the remainder of the property." It is clear, we believe, that the rationale of the Ball opinion on this point rests upon the then prevailing practice of instructing the jury to make separate findings as to the value of the land taken and the resulting damages to the land left. That precept was abandoned in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844. There are at least two other features distinguishing the Ball case from the one at bar; in the Ball case a part of the land was taken, but here the entire tract is taken. In the Ball case the matter dealt with was a part of the freehold—realty—here we are dealing with personalty.

Appellant directs attention to Commonwealth v. Means & Russell Iron Co., 299 Ky. 465, 185 S.W.2d 960. The widening of a road made necessary the relocation of nearly 3,000 feet of water pipe line, although only 653 feet of the pipe lay within the area of the condemned easement. It was shown that the water system could not function without the relocation of the 3,000 feet of pipe. The actual cost of relocation was proven, and the Court peremptorily instructed the jury to allow the condemnee the undisputed cost. The Highway Commission contended that the cost of relocation was not compensable. This Court rejected that contention, and pointed out that the actual cost of the relocation was an appropriate means for compensating the condemnee for the "minimum damages" sustained through the condemnation of its easement. It readily appears that the Means & Russell case was another in which only a part of the property was taken; under the rule then prevalent the condemnee was entitled to resultant damage—the method used afforded a valid yardstick. We consider the case no more apposite than the Ball case, supra, and for the same reasons.

The position is taken by appellant that the United States Constitution, Fifth Amendment, is materially different from Kentucky's §§ 13 and 242. It is said that the provisions of the United States Constitution merely require just compensation for the property and not to the owner. Monongahela Navigation Co. v. United States, 148 U.S. 312, 325, 326, 13 S.Ct. 622, 37 L.Ed. 463. The Supreme Court, as well as other tribunals in the federal system, have consistently adhered to the view that "just compensation" is for the property and not the owner. Thus, it is reasoned that Kentucky's Constitution must be construed differently, since its language clearly states that the "just compensation" must be "made to him" (i. e. the property owner). The argument is ingenious and has found acceptance in some jurisdictions. See Jacksonville Expressway Authority v. Henny G. Du Pree Co., Fla., 108 So.2d 289; Harvey Textile Co., Inc. v. Hill, 135 Conn. 686, 67 A.2d 851; F. del Vecchio v. New Haven Redevelopment Agency, 147 Conn. 362, 161 A.2d 190; Hunter Press v. Ives, Com'r, 150 Conn. 32, 183 A.2d 842; Humble Oil & Refining Co. v. State of New York, 15 A.D.2d 686, 223 N.Y.S.2d 448; In re Ziegler's Petition etc. v. Dake Corp., 357 Mich. 20, 97 N.W.2d 748.

The weight of authority, however, is that removal and relocation costs are not compensable. This fact is recognized by the Florida Court in the Jacksonville Expressway case, first above cited. Moreover, there was statutory authority in Florida upon which that decision turned. Differences in constitutional and statutory provisions in the jurisdictions referred to in the list of cases just cited m:.y well distinguish the cases from the general rule disallowing recovery for such items as are now under consideration.

"It has been held in the majority of states that the owner is not entitled to recover the cost of removing personal property or damages for injury to such property resulting from

its removal, since such loss is not a taking of property. The arguments in support of the rule rejecting such element of damage are based either on the proposition that such costs do not affect the value of the property taken or that they are too hypothetical and speculative in character." 4, Nichols, Eminent Domain, 3rd Ed., § 14.2471 [2], pp. 661–663.

 However that may be, this jurisdiction is firmly committed to the proposition that the "just compensation" due an owner in condemnation proceedings is the difference between the fair market value of the property before and after the taking. We have specifically recognized that enhancement in after value may be considered by the jury. We have repeatedly held that it is "not the value to the owner" but the fair market value which controls. The landmark case of Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, and the numerous decisions of this Court which have followed it, suffice to support the proposition that Kentucky is committed to the rule that the difference in before and after market value is "just compensation."

We are mindful of H.B. 161, Ch. 50, Acts 1964, KRS 177.065, whereby the Department of Highways is enabled to adopt rules and regulations permitting payment of reasonable and necessary moving expenses, not to exceed $200 in the case of an individual or family and not to exceed $3,000 in the case of a business concern, including a farm. The Act has no effect here, as it became effective March 17, 1964, and this is recognized by the parties. The appellant suggests that the Act is unconstitutional since it imposes a ceiling upon the amount to be allowed for removal and relocation. Although we do not have that question before us, we think it is plain that the General Assembly could not constitutionally impose a ceiling upon "just compensation" as assured by §§ 13 and 242 of our Constitution. For whatever light it may shed on the matter, it would seem that

the General Assembly has by the 1964 Act expressed its own belief that removal costs do not fall within the meaning of "just compensation," as we must assume that the legislative body would not deliberately enact legislation it considered unconstitutional.

We believe the policy denying recovery for removal and relocation costs—absent statutory authority—is a sound one. We are, as noted, mindful of the ably presented arguments for the contrary view, but are persuaded that "just compensation" within the meaning of the Kentucky constitutional provisions is fully requited upon payment of the difference in market value before and after the taking.

The judgment is affirmed.