[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff applying for a reassessment of the damages and benefits assessed by the defendant Commissioner for the taking of a portion of the plaintiff's property. The property was taken on October 23, 1985 and the damages assessed by the defendant were $24,000 which sum has been paid to the plaintiff. In an Amended Notice of Condemnation of January 26, 1990, damages were changed to $24,500; however, the additional amount of $500 has not been paid to the plaintiff.
The area involved is the plaintiff's property which abuts Route 91 on its westerly side. It is a 17.04 acre piece on which a large building is constructed. In its extreme northerly end, there is a 1.23 acre part which is separated from the main area by a 40-foot drainage ditch, which is a right-of-way of the State. It is this 1.23 acre land which is the part involved with the taking. The State in that part took .29 acres for a road and .33 acres for slope easements. The acreage was taken for the purpose of rerouting the West Service Road. In so rerouting the Service Road, the State cut through the 1.23 acre piece so that it was divided into two separate pieces. This, the plaintiff claims, has reduced the uses to which this land could be put and has caused severance damages to the remainder. The area taken by the rerouted road and the easements reduce the types of buildings that could be built on the 1.23 acre piece; also, because of the taking and the change in grade, access to the public road and the visibility are made more difficult.
Because this 1.23 acre portion is bounded by the ditch on its entire southerly border and also to some extent on its westerly border, it is rendered less desirable. CT Page 3327
When a portion of land is taken, the rule for estimating damages, in the absence of unusual circumstances, is the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it thereafter and after the completion of the public improvement. Andrews v. Cox, Commissioner, 127 Conn. 455. The court had the benefit of appraisal reports and testimony from two expert appraisers both of whom reached their conclusions as to values. A referee may reach his own conclusion as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Pandolfe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220.
Based upon a viewing of the property, all the evidence, and my own knowledge of the elements constituting value, the following conclusions have been reached.
1. The engineer called by the plaintiff testified that he charged a total of $4,665.60 less a discount of $137.35 for his services in surveying and in the preparation of maps. In addition, he charged $1,325.25 for court preparation and time spent in testifying; also the further sum of $186.00 for further preparation and testifying on a subsequent day. (See also Exhibits H and P)
The plaintiff claims these witness fees under General Statutes; 48-26 and 13a-76. The latter Statute, which permits appeals like the one now in question, provides only for appraisal fees; it makes no provisions for an engineer's fees. General Statute 48-26, relied upon by the plaintiff, applies only to a condemnor which is a "public or private corporation". Moreover, this Statute has been held not to allow recovery of an engineer's fees. Sorenson Transportation Co. v. State, 3 Conn. App. 329, 333.
These items of cost are also claimed under General Statute 13a-77, which states that when the plaintiff prevails in this type of appeal "costs of court shall be awarded the appellant". It would appear that if any such award were made as to costs, it would be made under Section 13a-77 when the costs are taxed. See, also General Statutes 52-257 and Practice Book Sections 412, 425, and 427.
2. The plaintiff is awarded an appraiser's fee of $5,000.
3. As to that part of this 17.04-acre tract which is south of the forty-foot drainage ditch, it is found that no material severance damage was caused. CT Page 3328
4. As to the 1.23-acre portion which is immediately involved by the taking, it is concluded that before the State intervened, it was not an attractive piece of real estate. This was due to its shape as well as to the drainage ditch which ran all the way across its southerly boundary and also which ran along a part of its westerly boundary. It is further concluded, however, that the taking materially reduced its value.
5. As to the plaintiff's property south of the drainage ditch, access to the public roads was not materially affected.
6. The market value of the subject property at the time of taking was $1,343,000; after the taking, $1,293,000.
7. Judgment may enter for the plaintiff for the further amount of $26,000, in addition to the $24,000 which was awarded to it by the defendant and already paid, with interest on said further sum of $26,000 from the date of taking to the date of payment at the rate of 10% per annum, together with costs.
8. With respect to the payment of interest, the plaintiff is entitled to recover interest from October 23, 1985 as to the sum of $25,500; and to recover interest from January 26, 1990 as to the sum of $500.
JOHN M. ALEXANDER, STATE TRIAL REFEREE