Coös, }
Dec. 7, 1909. }

### PHILBROOK *& a. v.* BERLIN-SHELBURNE POWER CO.

PETITION, for the assessment of damages under the flowage act. The court refused to instruct the jury that they could not consider the fact that before the plaintiffs' property was flowed it was available for the summer boarding business, and the defendants excepted. Transferred from the September term, 1908, of the superior court by *Chamberlin,* J.

*Alfred R. Evans, Drew, Jordan, Shurtleff & Morris,* and *Enoch Foster* (of Maine), for the plaintiffs.

*Branch & Branch, Sullivan & Daley,* and *Anthoine & Talbot* (of Maine), for the defendants.

YOUNG, J. If the availability of the plaintiffs' farm for a summer boarding-house made it more valuable than it otherwise would have been, it was proper for the jury to consider that fact; for the measure of the plaintiffs' damages is the difference in the value of their farm before and after their meadow-land was flowed.

*Defendants' exception overruled.*

All concurred.

---

Merrimack, }
Jan. 4, 1910. }

### GRACE *v.* BOSTON & MAINE RAILROAD.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1908, of the superior court by *Chamberlin,* J., on the defendants' exceptions to the admission of certain evidence and to the denial of their motion for the direction of a verdict in their favor. Upon consideration of the case in the supreme court the order was,

*Exceptions overruled.*

*Taggart, Tuttle, Burroughs & Wyman,* for the plaintiff.

*Mitchell, Foster & Lake,* for the defendants.