HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT
v. HARRY LUSTIG ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued May 6—decided June 17, 1952

*George A. Saden,* with whom, on the brief, was *Frank Habansky,* for the appellant (plaintiff).

*James C. Shannon,* with whom, on the brief, were *Max Frauwirth* and *Harold Sobel,* for the appellee (named defendant).

INGLIS, J. This is a proceeding brought pursuant to §§ 932 and 7181 of the General Statutes to condemn property of the named defendant for the purposes of the plaintiff. The committee to which the fixing of damages for the taking was referred made their report in the alternative. As clarified by stipulation of the parties, the report first assessed the value of the property in question as follows: Land, $1259; small shed, $50; garage, $500; poultry market

building, $6500; total, $8309. It then went on to state: "In the event that the owner of the poultry market building should be compensated for the value of the building with an established poultry slaughtering business therein (because of the nature of said business), the Committee then find the fair market value of said building to be $16,500.00 . . . . " The trial court adopted this alternative finding and rendered judgment assessing damages at a total of $18,309. The question on this appeal is whether the court was correct in accepting the alternative finding as a statement of the true market value of the property. The claim of the plaintiff is that the report is to be construed as adding $10,000 to the market value of the property to compensate for the loss of the poultry slaughtering business and that the loss of the business is not a proper element of damage.

It is the general rule that when real property is the only subject of condemnation nothing should be included in the damages for the loss of a business conducted upon the property unless the statute specifically authorizes it. Orgel, Valuation under Eminent Domain, p. 243; 4 Nichols, Eminent Domain (3d Ed.) § 13.3[1]. Section 932 of the General Statutes authorizes the plaintiff to acquire by eminent domain real property only. The manner of acquisition authorized is that prescribed in General Statutes, § 7181. That section directs that "just damages" shall be assessed. This obviously means just damages for the property taken, and where, as in this case, the only property authorized to be taken is the real property, it would not be proper for a committee to add damages for the loss of a business which was being conducted on the property at the time of taking. It does not follow, however, that in this case

the court erred in adopting the alternative appraisal reported by the committee.

In a case such as the present, where an entire piece of property is taken, the proper measure of damages is the fair market value of the real property. We said in *Andrews* v. *Cox,* 127 Conn. 455, 457, 17 A.2d 507: "Generally speaking, market value is 'the price that would in all probability—the probability being based upon the evidence in the case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy.' *Portland Silk Co.* v. *Middletown,* 125 Conn. 172, 174, 4 Atl. (2d) 422. From this it follows that in determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land; . . . unless, indeed, the considerations advanced are not a necessary, natural or proximate result of the taking . . . . The determination of the damages to be paid requires the consideration of 'everything by which the value is legitimately affected'; *Holley* v. *Torrington,* 63 Conn. 426, 433, 28 Atl. 613; . . ." The fair market value of a piece of real property should be determined in the light of the use to which it is being put or the use to which it could be put most advantageously. *New York, N. H. & H. R. Co.* v. *New Haven,* 81 Conn. 581, 585, 71 A. 780; *Campbell* v. *New Haven,* 101 Conn. 173, 180, 125 A. 650.

Accordingly, the better reasoned cases hold that, although the value of a business which is being conducted upon the real property condemned may not ordinarily be added to the market value of the realty as damages for the taking, the fact that a given business is in operation on the property should be taken into consideration in determining the market

value of the real property if in truth it is a factor in establishing that market value—if, that is, the use of the real property for that purpose enhances the value of it. *Edmands* v. *Boston,* 108 Mass. 535, 549; *King* v. *Minneapolis Union Ry. Co.,* 32 Minn. 224, 226, 20 N.W. 135; *Pittsburgh, V. & C. Ry. Co.* v. *Vance,* 115 Pa. 325, 334, 8 A. 764; *Chairman of Highway Commission* v. *Parker,* 147 Va. 25, 29, 136 S.E. 496; *Voigt* v. *Milwaukee County,* 158 Wis. 666, 670, 149 N.W. 392. In particular, it is proper to take into consideration the existence of a going business on the land in question as indicative of the highest economic use to which the land may be put. *State* v. *Carrow,* 57 Ariz. 429, 433, 114 P.2d 891; *Philbrook* v. *Berlin-Shelburne Power Co.,* 75 N.H. 599, 74 A. 873; *Hunter's Administrator* v. *Chesapeake & O. Ry. Co.,* 107 Va. 158, 165, 59 S.E. 415.

In the present case, it is apparent from the report of the committee that they did not assess damages for the loss of the defendant's business as such. What they did find in their alternative finding was that "the fair market value of [the] building" was $16,500 if that value was to be estimated with the established poultry slaughtering business therein. It is true, as pointed out by the plaintiff, that the committee had already fixed the value of the poultry market building at $6500. That, however, does not indicate, as claimed by the plaintiff, that in arriving at the $6500 figure the committee had already considered the fact that there was an established poultry business in the building. The phrase "poultry market building" was used only to identify the item upon which the value of $6500 was placed. The report makes it plain that the only appraisal which took into consideration the existence of the business was that of $16,500.

The parenthetical phrase "because of the nature of [the] business," contained in the alternative finding, is an indication of the committee's process of reasoning which led to the conclusion that the market value of the building was $16,500. The business of slaughtering poultry is not one which may properly be conducted in every neighborhood. Locations suitable for it are relatively few. The fact that the slaughtering business was established on the property in question was evidence that the property was suitable for that use. It indicated what was an advantageous use for this particular building. The property could well have been found to be worth more to a potential buyer because it had been devoted to that use. Moreover, in view of the difficulty which the owner would be likely to have in finding another location suitable for his operations, he would be reluctant to sell, and that would be a factor in determining the fair market value of the property. The situation is closely akin in principle to that in *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 690, 67 A. 2d 851. In that case we held that the expense of moving machinery from the property condemned was properly taken into consideration in the determination of market value, since that expense would be given weight by the owner in fixing the price at which he would be willing to sell. It is true that the statute under which the *Harvey Textile Co.* case was decided required compensation for "all damages," whereas the statute under which this action was brought used the phrase "just damages." That difference in the statutes, however, does not make irrelevant the reasoning of the *Harvey Textile Co.* case, because in that case we were concerned with the question what elements should be considered in the determination of fair market value, just as we are here. In short, the

reasoning of the committee is understandable and justifiable.

The alternative finding of the additional sum of $10,000, instead of contemplating compensation to the defendant for the loss of his business which would result from the taking, was included on the theory that the existence on the property of the established unusual business was a factor which would have weight in the minds of a willing seller and an able and ready buyer and would for that reason enhance the fair market value of the property. On that basis, it was a proper consideration. The trial court was right in awarding damages in accordance with the alternative finding.

There is no error.

In this opinion the other judges concurred.