GEORGE SEFERI ET AL. *v.* HOWARD S. IVES, HIGHWAY
COMMISSIONER

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued November 7—decided November 21, 1967

*Clement J. Kichuk,* assistant attorney general, with whom were *Jack Rubin,* assistant attorney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellant (defendant).

*Albert L. Coles,* with whom were *David O. Chittick* and *Patricia O'Connell,* and, on the brief, *James J. O'Connell* and *Thomas J. Dolan,* for the appellees (plaintiffs).

House, J. The facts in this case are not in dispute. In 1965 the defendant, the highway commissioner, acting pursuant to No. 309 of the 1965 Public Acts, February Special Session (now General Statutes [Rev. to 1966] § 13a-73 (b)), acquired the land of the plaintiffs for highway purposes and assessed as damages to the plaintiffs the sum of $83,600. The owners appealed from the assessment of damages, claiming that they were inadequate, and the appeal was referred to a state referee, whose finding has not been attacked.

The referee reported that the property taken consisted of an area of 15,000 square feet on which there was a one-story, masonry and frame building in which the plaintiffs conducted a retail supermarket. The value of the business at the time of the taking was $42,500, and the moving costs, if the business could be moved to another location in the area, would amount to $10,171. There is no location or site anywhere in the area which the plaintiffs could acquire and on which they could erect a building into which they could move their business, including fixtures and equipment. The value of movable fixtures which the plaintiffs will lose by not being able to move their business amounts to $16,364. The referee found that, taking into account

the moving costs of $10,171, the damages sustained by the plaintiffs by reason of the taking were $139,000. In the alternative, he found that, if, as a matter of law, the plaintiffs were entitled to compensation for the value of the business and fixtures as he had found their separate values to be, the damages sustained by the plaintiffs amounted to $188,000. The defendant moved to accept the report in accordance with the finding assessing damages at $139,000, and the plaintiffs moved that it be accepted in accordance with the alternative finding assessing the damages at $188,000. The court accepted the report and rendered judgment for the plaintiffs on the alternative assessment of damages at $188,000. From this judgment the defendant has appealed.

By including in the award a separate allowance for the value of the business conducted on the premises taken, where the condemning authority did not take the business as it did in such cases as *Kimball Laundry Co.* v. *United States,* 338 U.S. 1, 69 S. Ct. 1434, 93 L. Ed. 1765, the court departed from the established rule for the assessment of damages in eminent domain proceedings.

As we said in *Housing Authority* v. *Lustig,* 139 Conn. 73, 75, 90 A.2d 169: "It is the general rule that when real property is the only subject of condemnation nothing should be included in the damages for the loss of a business conducted upon the property unless the statute specifically authorizes it. . . . [p. 76] In a case such as the present, where an entire piece of property is taken, the proper measure of damages is the fair market value of the real property. We said in *Andrews* v. *Cox,* 127 Conn. 455, 457, 17 A.2d 507: 'Generally speaking, market value is "the price that would in all probabil-

ity—the probability being based upon the evidence in the case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy." *Portland Silk Co.* v. *Middletown,* 125 Conn. 172, 174, 4 Atl. (2d) 422. From this it follows that in determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land; . . . unless, indeed, the considerations advanced are not a necessary, natural or proximate result of the taking . . . . The determination of the damages to be paid requires the consideration of "everything by which the value is legitimately affected"; *Holley* v. *Torrington,* 63 Conn. 426, 433, 28 Atl. 613; . . .' The fair market value of a piece of real property should be determined in the light of the use to which it is being put or the use to which it could be put most advantageously. *New York, N.H. & H.R. Co.* v. *New Haven,* 81 Conn. 581, 585, 71 A. 780; *Campbell* v. *New Haven,* 101 Conn. 173, 180, 125 A. 650. Accordingly, the better reasoned cases hold that, although the value of a business which is being conducted upon the real property condemned may not ordinarily be added to the market value of the realty as damages for the taking, the fact that a given business is in operation on the property should be taken into consideration in determining the market value of the real property if in truth it is a factor in establishing that market value—if, that is, the use of the real property for that purpose enhances the value of it. *Edmands* v. *Boston,* 108 Mass. 535, 549; *King* v. *Minneapolis Union Ry. Co.,* 32 Minn. 224, 226, 20 N.W. 135; *Pittsburgh, V. & C. Ry. Co.* v. *Vance,* 115 Pa. 325, 334, 8 A. 764; *Chairman of Highway Commission* v.

*Parker,* 147 Va. 25, 29, 136 S.E. 496; *Voigt* v. *Milwaukee County,* 158 Wis. 666, 670, 149 N.W. 392. In particular, it is proper to take into consideration the existence of a going business on the land in question as indicative of the highest economic use to which the land may be put. *State* v. *Carrow,* 57 Ariz. 429, 433, 114 P.2d 891; *Philbrook* v. *Berlin-Shelburne Power Co.,* 75 N.H. 599, 74 A. 873; *Hunter's Administrator* v. *Chesapeake & O. Ry. Co.,* 107 Va. 158, 165, 59 S.E. 415."

This is the rule of damages which we have consistently followed. See *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 102, 230 A.2d 9; *DelVecchio* v. *New Haven Redevelopment Agency,* 147 Conn. 362, 363, 161 A.2d 190; *Humphrey* v. *Argraves,* 145 Conn. 350, 353, 143 A.2d 432; *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 689, 67 A.2d 851. It is in accord with the view of most authorities that injury to or even the destruction of a business conducted on land taken by eminent domain is not to be considered a separate element of damage in the condemnation proceeding although the special value of the land owing to its adaptability for use in a particular business is an element which the owner of land is entitled to have considered in the determination of the amount to be paid as just compensation for the taking of the land. In addition to the cases cited above, see, *United States* v. *General Motors Corporation,* 323 U.S. 373, 383, 65 S. Ct. 357, 89 L. Ed. 311; *Mitchell* v. *United States,* 267 U.S. 341, 344, 45 S. Ct. 293, 69 L. Ed. 644; *Joslin Co.* v. *Providence,* 262 U.S. 668, 675, 43 S. Ct. 684, 67 L. Ed. 1167; 1 Orgel, Valuation under Eminent Domain (2d Ed.) §§ 75, 78; 4 Nichols, Eminent Domain (3d Ed.) § 13.3; 27 Am. Jur. 2d, Eminent Domain, § 285; comment, "Eminent Domain Valua-

tions in an Age of Redevelopment: Incidental Losses," 67 Yale L.J. 61, 74.

There is nothing in this case which requires a change in our established rule. This is so even if the plaintiffs were correct in their claim that the referee's finding that "[t]here is no location or site anywhere in the area which the plaintiffs could acquire and upon which they could erect a building to which they could move their business" is the equivalent of a finding that the plaintiffs could not move their retail business to any other location whatsoever.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the damages to which the plaintiffs are entitled are $139,000, not $188,000.

In this opinion the other judges concurred.