[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Louis DeBeradinis, Sr. (DeBeradinis), has filed an appeal from the assessment of damages and statement of compensation issued by the defendant, City of Norwalk, in a condemnation action. Subsequently, the court granted DeBeradinis' motion to amend the appeal and to add as a party-plaintiff, CT Page 10683 Bedrock, Inc. (Bedrock), a lessee conducting business on the condemned property and thereafter the plaintiffs, DeBeradinis and Bedrock, filed an amended complaint.
In the first count of the amended complaint, DeBeradinis alleges that he is aggrieved by the inadequacy of the assessment of damages. In the second count, DeBeradinis and Bedrock allege that they are aggrieved by the assessment of damages. In the third count, Bedrock seeks a reassessment of damages to include moving costs and compensation for the reasonable value of the processed material, raw material, and other personal property remaining on the condemned site. In the fourth count, Bedrock seeks reassessment of damages to include just compensation for the destruction of its business.
The City of Norwalk (defendant) has filed this motion for summary judgment as to the second, third, and fourth counts of the amended complaint. In support, the defendant attached the statement of compensation dated October 14, 1994; an official receipt for a $2,500,000 check issued to DeBeradinis; and a supporting memorandum. The plaintiffs attached the following exhibits to its responsive memorandum: affidavit of DeBeradinis; a portion of deposition transcripts of DeBeradinis dated December 1, 1997; a portion of deposition transcripts of DeBeradinis dated January 26, 1998, City of Norwalk application for authorization to inspect and test property; stipulation for extension of time dated January 13, 1995; certificate of taking filed on February 24, 1995; notice to quit possession dated June 1, 1995; and notice to quit possession dated October 13, 1995.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567,636 A.2d 1377 (1994). "Mere assertions of fact . . . are insufficient to CT Page 10684 establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summmary judgment]." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 201, 663 A.2d 1001 (1995).
 I. Statute of Limitations
In its memorandum in support, the defendant argues that the plaintiffs' claims under the second, third, and fourth counts of the amended complaint are barred because these claims were filed more than six months after the statement of compensation was filed by the defendant, contrary to the time limitations set forth in General Statutes § 8-132.[1] Because the six month statutory period for an appeal by a property owner under §8-132 is mandatory, the defendant argues that the court has no jurisdiction to accept this appeal. The defendant filed the statement of compensation on October 17, 1994. The defendant argues that the earliest date on which the plaintiffs can be considered to have "applied" for a review of the statement of compensation is the date of its motion to add Bedrock as a party plaintiff. This motion was filed April 24, 1995, a date of more than six months after the defendant filed its statement of compensation. Therefore, the defendant argues that the plaintiffs' claims would be barred by the statute of limitations. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, supra, 238 Conn. 800.
First, the plaintiffs counter by arguing that the court, Nadeau, J., has already decided the statute of limitations issue in granting permission to add Bedrock as a party plaintiff and to amend the complaint to state the interest of Bedrock. Second, the plaintiffs argue that the filing date of the amended complaint should relate back to the filing date of the original complaint. Third, they contend that the operative date for an appeal is the date on which title to the condemned property vested in the City. Thus, the plaintiffs contend that the right of appeal did not finally vest until the condemnation proceeding under General Statutes § 8-129[2] was perfected with the recording of the certificate of taking on February 24, 1995. And finally, the plaintiffs argue that their appeal is timely because it was filed within six months of the filing of the amended certificate of compensation.
Whether the court, in granting the motion to add Bedrock as a CT Page 10685 party plaintiff and to amend the complaint, had previously determined that Bedrock's claims are not barred by the statute of limitations is a threshold issue. Because there is no written memorandum of decision discussing this issue on the motion to amend, the plaintiffs cannot prevail on the ground that the court necessarily reached this issue and decided in its favor.
The plaintiffs also contend that the amended complaint should relate back to the date of the original complaint. "[The court has] previously recognized that [the] relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: (c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 547, 590 A.2d 914 (1991). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . ."Barrett v. Danbury Hospital, 232 Conn. 242, 263-64, 654 A.2d 748
(1995).
"Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving `the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . .'" Id., 264.
Although both the original and amended complaint deal with the same condemnation action, the parties alleging claims in each complaint are different. DeBeradinis filed the original complaint independently of Bedrock. The amended complaint, however, encompasses the claims of both DeBeradinis and Bedrock. DeBeradinis is asserting rights as owner of the condemned real estate. Bedrock is asserting rights as a tenant and an owner of a business located on the condemned land. The amended complaint, which includes Bedrock and DeBeradinis as parties, and the original complaint, which only includes DeBeradinis' as a party, CT Page 10686 depend on different facts to prove damages owed by the defendant. The defendant did not have fair notice of Bedrock's claims as lessee when the original complaint only alleged DeBeradinis' claims. Thus, counts two, three, and four of the amended complaint do not relate back to the original complaint.
General Statutes § 8-132 governs appeals from an assessment of damages in a condemnation action. General Statutes § 8-132 provides, in part, that "[a]ny person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may, at any time within six months after the same has been filed, apply to the superior court . . . for a review of such statement of compensation. . ."
"The procedure under § 8-132 is mandatory." Karp v. UrbanDevelopment Co., 162 Conn. 525, 530, 294 A.2d 633 (1972). "The language of the statute is clear and explicit, containing no exception and suggesting no qualifications." Id., 531. "[N]o other conclusion can be reached but that the six-months provision for appeal is to be construed so that, if the appeal is not taken within six months, the right of appeal is no longer operative."Id., 531.
As explicitly provided in § 8-132, an application to the superior court for reassessment of damages must be made within six months after the statement of compensation has been filed. Contrary to the plaintiffs' argument, the operative date for an appeal is not the date in which title vested in the city. The plaintiffs confuse General Statutes § 8-129, which sets forth when just compensation vests, and General Statutes §8-132, which provides the time period for an appeal.
Here, the earliest date on which Bedrock can be considered to have applied to the superior court for a review of the statement of compensation is the date of its motion to be added as a party-plaintiff. The motion to add Bedrock as a party-plaintiff was filed on April 24, 1995, more than six months after October 14, 1994, the date the defendant filed its original statement of compensation. An amended statement of compensation, however, was filed on February 10, 1995. Because neither the plaintiffs nor the defendant have attached a copy of the amended statement of compensation, the court cannot determine what changes were made to the statement of compensation.[3] As a result, the court cannot determine whether the statute of limitations should run from the filing of the original or amended statement of CT Page 10687 compensation. If substantive changes were made in the amended statement of compensation, it would be unfair not to toll the statute of limitations from the filing of the original statement of compensation. Thus, a genuine issue of material fact exists as to whether the statute of limitations has run on the second, third, and fourth counts of the amended complaint. Accordingly, summary judgment as to these counts may not be granted on a statute of limitations grounds.
 II. Standing
The defendant argues that Bedrock has no standing to bring an appeal under § 8-132 because Bedrock is not named as a party in the statement of compensation or notice of taking. Furthermore, the defendant argues that Bedrock can only recover against the landlord, and not against the condemnor, for damages suffered through the termination of its lease. In order to bring a separate action for Bedrock's damages, the defendant argues that Bedrock would have to pursue other statutory or constitutional remedies. Because Bedrock has not asserted a right to any other specific remedies in the amended complaint, the defendant focuses on Bedrock's right to appeal under § 8-132.
The plaintiffs argue that this action is a matter of constitutional dimension, and is not strictly a statutory proceeding. Furthermore, the plaintiffs analogize this case toToffolon v. Avon, 173 Conn. 525, 378 A.2d 580 (1977), and argue that Bedrock should be compensated for the taking of the property because a unity of use and interest exists between Bedrock and the property owner, DeBeradinis. The plaintiffs argue that the defendant has recognized the interests of Bedrock in several past instances, including the notice to quit possession and an eviction action against Bedrock, and that the defendant may not avoid its responsibility to pay just compensation simply by failing to name Bedrock in the certificate of taking or in the condemnation proceedings.
In its reply, the defendant concedes that Bedrock may have a valid inverse condemnation claim or some other constitutional claim and argues that Bedrock must address such claims in some other proceeding, but not upon an appeal under General Statutes § 8-132. Further, the defendant argues that the plaintiffs misapply Toffolon v. Avon.
The defendant is correct in its contention that the plaintiffs CT Page 10688 misapply Toffolon v. Avon. In Toffolon, a state referee assessed damages for the taking by the defendant, town of Avon, of land owned by the plaintiffs, John E. and Roger L. Toffolon, and leased to Connecticut Sand and Stone (CSS) for the removal and processing of sand, gravel, and earth materials. It is important to note that inToffolon, the defendant town filed an amended statement of compensation alleging that CSS was a lessee of the Toffolon property, thereby condemning the CSS lease which existed at the time of the taking.
CSS, in its appeal in a separate action, claimed that the court erred by denying it severance damages as compensation for the loss in value of a tract of land adjoining the Toffolon property. The issue in Toffolon was whether there was sufficient unity of ownership between the Toffolon property, which CSS used as a tenant, and the adjoining property, which CSS owned in fee interest. The court found that sufficient unity of ownership existed because the two tracts were in use as one unit for the same business purpose and because CSS had some compensable ownership interest in both tracts. The court did not award severance damages to CSS based on the unity of ownership established between the landlord, Toffolon, and the tenant, CSS. Thus, the plaintiffs' emphasis on the unity of use and interest between the landlord, DeBeradinis, and the tenant, Bedrock, is misplaced.
The issue remains, however, whether Bedrock has a right to appeal under § 8-132. It should be noted that the amended complaint contains an appeal from the assessment of damages and the statement of compensation. The plaintiffs have not alleged that Bedrock is entitled to remedies under any other specific constitutional or statutory provisions. Thus, the plaintiffs cannot prevail based on their argument that Bedrock has standing based on its constitutional rights.
The defendant's argument that Bedrock must be a party named in the statement of compensation in order to bring an appeal under General Statutes § 8-132 is without merit. General Statutes § 8-132 does not restrict appeals to only those parties named in the statement of compensation. Rather, §8-132 provides that "[a]ny person claiming to be aggrieved by the statement of compensation" may apply for review of such statement of compensation. (Emphasis added).
Here, Bedrock claims to be aggrieved by the statement of compensation in that the statement of compensation fails to CT Page 10689 adequately compensate it for the various losses it sustained as a result of the condemnation. Specifically, the amended complaint alleges that "[t]he plaintiff DeBeradinis and the plaintiff Bedrock are aggrieved by the assessment of damages by the defendant, because the same is wholly and totally inadequate." Thus, Bedrock may seek a review of the statement of compensation under General Statutes § 8-132.
In addition, it should be noted that Bedrock may bring an appeal from the assessment of damages against the defendant condemnor. Contrary to the defendant's argument, the damages Bedrock suffered by the taking of the land and the termination of its lease are not solely recoverable against the landlord. SeeSlavitt v. Ives, 163 Conn. 198, 303 A.2d 13 (1972) (coplaintiff lessee files a separate appeal from the assessment of damages against the defendant highway commissioner); Texaco, Inc. v.Commissioner of Transportation, 34 Conn. Sup. 194, 383 A.2d 1060
(1977) (lessee brings claim against the defendant highway commissioner seeking damages for the value of its leasehold interest in the condemned property).
 III. Improper Claims
The defendant also argues that it is entitled to summary judgment as a matter of law because Bedrock's third and fourth claims are not addressable under a § 8-132 appeal in that they encompass claims for incidental and/or consequential damages. Specifically, the defendant argues that these types of damages can only be considered to the extent that they affect the fair market value of the land and cannot be considered as separate elements of damage. The defendant cites HousingAuthority v. Lustig, 155 Conn. 580, 236 A.2d 83 (1967), for the proposition that when real property is the only subject of condemnation nothing should be included in the damages for the loss of a business conducted upon the property unless the statute specifically authorizes it.
The plaintiffs argue that the value of a business may be considered as a factor in determining the value of the real estate. The plaintiffs cite Harvey Textile Co. v. Hill,135 Conn. 686, 67 A.2d 851 (1949), for the proposition that moving costs may be considered to the extent that the cost of moving a business enterprise would effect the fair market value of the land. Furthermore, the plaintiffs rely on Gray Line Bus Companyv. Greater Bridgeport Transit District, 188 Conn. 417, CT Page 10690449 A.2d 1036 (1982), to argue that compensation should be accorded for the value of the business when the business itself is directly taken by the condemnor. Lastly, the plaintiffs analyze case law from other states which have permitted some form of compensation for the loss of business due to condemnation in circumstances similar to those presented here.
 A. Count Three
In the third count, Bedrock seeks a reassessment of damages to include the expenses it incurred in removing its property from the condemned premises. In addition, Bedrock seeks compensation for the reasonable value of the processed materials, raw materials, and other personal property on the condemned site which cannot be relocated.
First, the court will address Bedrock's claim to reasonable compensation for the personal property. "A taking of real estate by eminent domain does not affect the ownership of personal property kept on the premises taken, and compensation cannot be recovered for damages resulting to personal property not annexed to the land." Thornton v. Cox, 16 Conn. Sup 150, 154, (1949).
"Every structure which has been erected and affixed to the soil so far as to become part of the real estate is taken by the condemnor as a matter of law . . ." (Internal quotation marks omitted). Toffolon v. Avon, supra, 173 Conn. 534.
Here, the plaintiffs have alleged that Bedrock is the owner of various items of personal property. Although the rock crushing equipment has been removed from the subject site, it is uncertain whether other equipment remains annexed to the subject land.[4]
Thus, a genuine issue of material fact exists as to whether there is other equipment remaining on the subject land, and whether this equipment is considered to be "annexed" to the land.
Next, the court will address Bedrock's claim to reasonable compensation for the processed and raw material remaining on the subject land. "Severed earth materials, like topsoil or fill, are personal property which if not removed from the owner's land can be found to have been intentionally abandoned." Toffolon v. Avon,supra, 173 Conn. 531.
As alleged, the raw and processed material in this case is CT Page 10691 "severed" because it is not part of the subterranean or subsurface land. Rather, this material is mobile and unaffixed as illustrated by the fact that the raw material has been brought to the site by various contractors and then processed on the subject site. Because any processed and raw material remaining on the land is considered to be personal property, the plaintiffs cannot, as a matter of law, recover compensation for any of the materials left behind.
Lastly, the court will determine whether, as a matter of law, Bedrock can recover compensation for the relocation of Bedrock's business and equipment. Initially, it should be noted that the plaintiffs' reliance on Harvey Textile Co. supra, 135 Conn. 686, is misplaced. Harvey Textile Co. held that in according damages to a property owner, the trier should consider moving expenses, not as a separate specific sum of money to be added to the value of the land, but as evidence tending to prove its fair market value. Harvey Textile Co. v. Hill, supra, 135 Conn. 686, 689-90. Thus, Harvey Textile Co. focused on a property owner's right to compensation and did not address a lessee's right to recover moving costs as a separate element of damage.
If Bedrock had been the owner of the premises on which its business was conducted, a trier could consider moving costs to the extent that the cost of moving a business enterprise would effect the fair market value of the land. Slavitt v. Ives, supra,163 Conn. 213. By contrast, "[t]he expenses incurred by a lessee in removing his property from the demised premises because of condemnation are generally considered not recoverable as an element of damages." Slavitt v. Ives, supra, 163 Conn. 214. "In general, the lessee's cost of removing his personal property from the land condemned is not an element meriting consideration whether such item is considered as a separate, substantive element of damages or whether it is considered insofar as its effect on market value of the leasehold is concerned." Id. "In the absence of a statute the moving expenses of a lessee, where there is an entire taking of the whole of the condemnee's estate under the sovereign power of eminent domain, cannot be considered as an element of damage, since such a loss is not a taking of property." Id., 214-15. "The expenses of moving by the plaintiff were those which it would have sustained at the termination of its leases and are consequential in their nature . . . Such consequential losses resulting from a taking are not compensable under the fifth amendment. . . It takes an act of the legislature to make moving expenses compensable." (Citations CT Page 10692 omitted). Id., 215.
Here, Bedrock was a mere lessee and not the owner of the condemned premises. Even if Bedrock had been the owner, his moving expenses would be considered, not as a separate and distinct item of damages, but as evidence bearing on fair market value. As lessee, Bedrock cannot recover moving expenses as a separate element of damages, nor can his moving expenses be considered in calculating the fair market value of the land.
Although the Bedrock may not recover its moving expenses, a question of fact remains as to whether any personal property remains annexed or affixed to the land. Thus, summary judgment is denied as to the third count of the amended complaint.
 B. Count Four
In the fourth count the plaintiffs seek a reassessment of damages to include the loss of value of their entire business. "When real property is condemned the general rule is that nothing should be included in the award in the way of compensation for the loss of a business conducted thereon unless specifically authorized by statute. . ." Wronowski v. Redevelopment Agency,180 Conn. 579, 584-85, 430 A.2d 1284 (1980); see also Seferi v.Ives, 155 Conn. 580, 582, 236 A.2d 83 (1967). "It is in accord with the view of most authorities that injury to or even the destruction of a business conducted on land taken by eminent domain is not to be considered a separate element of damage in the condemnation proceeding although the special value of the land owing to its adaptability for use in a particular business is an element which the owner of land is entitled to have considered in the determination of the amount to be paid as just compensation for the taking of the land." Seferi v. Ives, supra,155 Conn. 584; see also Wronowski v. Redevelopment Agency, supra, 584-85 (profitable business on land may be a factor in establishing market value). This is the rule even in cases where the is no suitable location for the business to be moved. Id., 585.
As the plaintiffs have argued, compensation for loss of business value may be permitted in cases where the business itself is taken by the condemnor. See Gray Line Bus v. GreaterBridgeport Transit Dist., supra, 188 Conn. 417, 422-23 (appeal from the assessment of damages for the taking of the plaintiff's franchised transit system). In this particular case, the only subject of the condemnation action is real estate belonging to CT Page 10693 DeBeradinis, not the business enterprise of Bedrock. Thus, as a matter of law, a reassessment of damages cannot include Bedrock's loss of business value. Summary judgment is granted as to the fourth count of the amended complaint.
 SUMMARY
A genuine issue of material facts exists as to whether the statute of limitations has run on the second, third, and fourth counts of the amended complaint. Thus, summary judgment as to these counts may not be granted on a statute of limitations grounds. Accordingly, the defendant's motion for summary judgment as to the second count is denied. With respect to the third count of the amended complaint, the defendant's motion for summary judgment is denied because a genuine issue of material fact exists as to whether any of Bedrock's personal property remains affixed to the subject condemned land. Lastly, the defendant's motion for summary judgment as to the fourth count of the amended complaint is granted because Bedrock may not recover for loss of business value.
D'ANDREA, J.