[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re: MOTIONS TO DISMISS AND TO STRIKE
The original plaintiffs, the Louis J. Gardella Trust and its three trustees, filed the present action against the defendants, Metropolitan Life Insurance Company (MetLife) and Golden Rule Insurance Company (Golden Rule). According to the amended substituted complaint dated July 30, 1998 and the amendment dated April 20, 1999, Louis J. Gardella (the decedent) had purchased an annuity from MetLife. Apparently, this annuity was incorrectly drawn to show the decedent's wife Joan Gardella as the owner. Prior to July 19, 1994, the decedent discussed the possibility of cashing in the annuity with MetLife. MetLife advised the decedent that he would be better served by a tax free exchange converting the MetLife annuity to a Golden Rule annuity. MetLife and Golden Rule purported to accomplish the desired exchange which resulted in a Golden Rule annuity listing the decedent as the owner. However, this listing constituted a change in ownership thereby disqualifying the transaction as a tax free exchange. The decedent transferred the annuity to a trust he had created on July 14, 1995 as part of his estate plan. The decedent, who also acted as a trustee of the trust, sought to surrender and cash in the annuity on or about September 1, 1995. The decedent completed various documents prepared by the defendants in order to effectuate the surrender. The decedent died on November 7, 1995. After his death, the defendants informed the plaintiffs of "the deficiency in the exchange and the misadvice concerning ownership and control." Golden Rule refused to honor the request to surrender and cash in the annuity.
The original plaintiffs filed this action on February 22, 1996. In March 1999, the executors of the estate of Louis J. Gardella (the executors) sought permission to enter this litigation as plaintiffs.[1] The court, Ryan, J., granted the executors' motion to add party plaintiffs on March 29, 1999.[2] On April 22, 1999, the executors filed an amendment to the amended substituted complaint dated July 30, 1998 wherein the executors allege breach of contract in count five against MetLife and Golden Rule and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., as a result of MetLife and Golden Rule's violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., in count six. MetLife has filed a motion to dismiss or strike the amendment. MetLife claims that the court lacks subject matter jurisdiction because the original plaintiffs and the executors lack standing. MetLife insists that neither the original plaintiffs, nor the executors, were ever CT Page 912 parties to the relevant MetLife annuity contract. In the alternative, MetLife argues that the court must strike the sixth count of the amendment, and the fifth count of the amendment to the extent that it is based upon conduct relating to the issuance of the original MetLife annuity. Golden Rule has filed a motion to strike the sixth count of the amendment.[3]
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Taft v.Wheelabrator Putnam, Inc., 55 Conn. App. 359, 362, ___ A.2d ___ (1999). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . Lack of subject matter jurisdiction may be raised at anytime. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Westbrook v. Savin Rock Condominiums Association,Inc., 50 Conn. App. 236, 242, 717 A.2d 789 (1998).
MetLife claims that the court lacks subject matter jurisdiction over any claims brought by the executors because the decedent was not a party to the relevant contract. MetLife also contends that the court has not considered whether the executors have standing to assert their breach of contract or CUIPA/CUTPA claims. The executors claim that MetLife is attempting to rehash the same arguments made in support of its motion to dismiss dated December 30, 1998, wherein MetLife sought dismissal of the claims of the original plaintiffs. The court, Ryan, J., denied MetLife's motion to dismiss on March 16, 1999.
This court believes that it is appropriate to apply the law of the case doctrine to the present factual scenario. "The law of the case is not written in stone but is a flexible principal of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Bowman v. Jack's Auto Sales, 54 Conn. App. 289,293, 734 A.2d 1036 (1999). In MetLife's initial challenge to this court's jurisdiction, it produced an affidavit that indicated that Joan Gardella, the widow of the decedent, was the owner of CT Page 913 the relevant annuity, not the decedent. It claimed that the original plaintiffs lacked standing to bring the present action because they never had any legal interest in the relevant MetLife annuity. Similarly, in the present motion to dismiss, MetLife insists that the executors had no legal interest in the relevant annuity because Joan Gardella was the owner of the annuity. This court concludes that Judge Ryan has already rejected the same legal arguments that MetLife pursues in its present motion to dismiss. Therefore, MetLife's motion to dismiss is denied and the executors' objection to the motion to dismiss is sustained.
Next, MetLife argues that the court must strike count five of the amendment to the extent that it is based upon conduct relating to the issuance of the original MetLife annuity because of the alleged expiration of the statute of limitations. "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. . . . The motion admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." (Citations omitted.) Bennett v. Connecticut Hospice, Inc.,56 Conn. App. 134, 136-37, ___ A.2d ___ (1999). However, in considering a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id., 137.
"A claim that an action is barred by the lapse of the statute of limitations cannot be taken by [a motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question of whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by an answer. . . . The second is where a statute gives a right CT Page 914 of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 239-40,624 A.2d 389 (1993).
In challenging count five of the amendment, MetLife has failed to satisfy either of the two exceptions for raising the defense of the statute of limitations within a motion to strike. Within their memorandum in opposition to the motion to strike, the plaintiffs expressed that there is no agreement between the parties that all facts necessary to a determination of the statute of limitations issue have been set forth. In addition, count five arises out of an alleged common law breach of contract. Accordingly, MetLife's motion to strike count five of the amendment is denied and the executors' objection to the motion to strike count five is sustained.
MetLife and Golden Rule also contend that the court should strike count six of the amendment because the statute of limitations for a cause of action pursuant to CUTPA has run. The executors contend that they are entitled to reply to the statute of limitations defense with claims of fraudulent concealment and continuing course of conduct. They also argue that the relation back doctrine is applicable to their claims because nothing new has been added to the allegations in the original complaint which was filed within the statute of limitations.
The statute of limitations defense for CUTPA actions falls under the second exception to the general rule that the statute of limitations may not be raised on a motion to strike. SeeBridgeways Communications Corp. v. Time Warner, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050619 (September 4, 1998, Flynn, J.). CUTPA is a statutory cause of action which did not exist at common law. See AssociatedInvestment Co. Ltd. Partnership v. Williams Associates IV,230 Conn. 148, 159, 645 A.2d 505 (1994). While the executors argue that the statute of limitations should be raised as a special defense in order for them to plead additional facts demonstrating that the statute of limitations should be tolled, several Superior Court cases have granted motions to strike CUTPA counts because of the expiration of the statute of limitations. SeeFederal National Mortgage Association v. Jessup, Superior Court, CT Page 915 judicial district of Stamford/Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey, J.) (granting motion to strike CUTPA count based upon expiration of the statute of limitations);Capital West Associates Ltd. Partnership v. Southern New EnglandTelephone Co., Superior Court, judicial district of Hartford-New Britain at Hartford (Housing Session), Docket No. 5337 (July 1, 1996, DiPentima, J.) (granting motion to strike CUTPA count based upon expiration of the statute of limitations). But seeBridgeways Communications Corp. v. Time Warner, Inc., supra, Superior Court, Docket No. 050619 (denying motion to strike because the court was unable to determine when the limitations commenced and the allegations did not foreclose the possibility that the statute of limitations had been tolled by a continuing course of conduct). Therefore, this court concludes that MetLife and Golden Rule may raise the expiration of the statute of limitations in a motion to strike.
The executors also contend that the executors claims are based upon the same facts set forth in the original complaint. Therefore, the executors' claims should relate back to the filing of the original complaint for the purposes of the statute of limitations. "`[The court has] previously recognized that [the] relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: (c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 547, 590 A.2d 914 (1991). `A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . .' Barrett v. Danbury Hospital,232 Conn. 242, 263-64, 654 A.2d 748 (1995).
`Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving "the objectives of our statute of limitations, namely, to protect parties from having to CT Page 916 defend against stale claims."' Id., 264." DeBeradinis v. City ofNorwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143860 (September 22, 1998, D'Andrea, J.) (23 Conn. L. Rptr. 95), rev'd in part on other grounds, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143860 (January 5, 1999, D'Andrea, J.) (reexamining the court's decision regarding summary judgment on reargument).
A claim for a violation of CUTPA may not be brought more than three years after the occurrence of the violation. See General Statutes § 42-110g (f); Fichera v. Mine Hill Corp.,207 Conn. 204, 212-13, 541 A.2d 472 (1988). The executors claim that their CUTPA claims should relate back to the filing of the original complaint because the facts pleaded by the original plaintiffs are identical. This court concludes that the executors have attempted to plead a new cause of action beyond the applicable statute of limitations. Therefore, count six must be stricken.
In Buttner v. Planning Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304231 (April 27, 1994, Levin, J.), the plaintiff attempted to bring a zoning appeal as a co-trustee of an estate. The court dismissed the plaintiffs appeal because the other co-trustee refused to consent to the bringing of the zoning appeal. Without authority to bring the suit as a trustee, the plaintiff attempted to add herself as a party in her individual capacity and as an executor by a request for leave to amend the complaint. The court concluded that the plaintiffs attempt to add herself to the litigation in her other capacities must fail because the fifteen day appeal period expired. In addition, the plaintiffs claims in her individual capacity or as an executor would not relate back to the original appeal because any claim by the plaintiff as the executor constituted a different cause of action than that pleaded by the plaintiff as trustee. See Champagne v.Raybestos-Manhattan. Inc., 212 Conn. 509, 563-64, 562 A.2d 1100
(1989) (holding that a court may award punitive damages for loss of consortium in addition to any other punitive damages awarded because it is a separate cause of action from any suit from which it is derivative). Accordingly, the court denied the plaintiffs request for leave to amend the complaint.
In the present case, the original complaint identifies the plaintiffs as a trust created by the decedent, and the trustees of that trust. The original plaintiffs did not allege that they were the executors of the decedents' estate. In addition, the CT Page 917 amendment does not allege that Golden Rule or MetLife engaged in unfair insurance practices subsequent to the filing of the initial complaint in February 1996, more than three years ago. This court adapts the reasoning set forth in Buttner v. Planning Zoning Commission, supra, Superior Court, Docket No. 304231 to the present factual scenario. Accordingly, MetLife's motion to strike count six is granted, the plaintiffs objection to MetLife's motion to strike count six is overruled, and Golden Rule's motion to strike count six is granted.
So ordered.
D'ANDREA, J.