[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a case of eminent domain, in which the Bridgeport Redevelopment Agency as agent for the City of Bridgeport condemned property zoned industrial, of one Max Velenchik of said city, bounded and described as follows:
That certain piece or parcel of land with the buildings thereon, situated in the City of Bridgeport, County of Fairfield and State of Connecticut. known as 380 382 Stratford Avenue, being bounded and described as follows:
NORTHERLY: One Stratford Avenue, 71 feet, more or less;
EASTERLY: On land of The Raymond W. Harris Post No. 145, Veterans of Foreign Wars of U.S., Inc., 133 feet, more or less:
SOUTHERLY: On land of Mabel F. Wilder, about 11 feet;
EASTERLY AGAIN: On land of Mabel Wilder, in part and in part on land of Joseph and Sarah Gross, 133 feet, more and less;
SOUTHERLY AGAIN: On land of Joseph and Sarah Gross in part and in CT Page 13436-ac part on land of Fedele L. Quaranta, in all 62.16 feet, more or less;
WESTERLY: On lands of Vida Stearns McLevy, Frank Miranti, Mary Kubasek, Abraham Sobel And George A. Mason, each in part, in all 286.16 feet, more or less.
Said premises are also known as 380-382 Stratford Avenue, Bridgeport.
Velenchik deceased after the hearing and his estate has been substituted as appellant.
The condemnor has determined that the amount of compensation to be paid to all persons entitled thereto for such property is $56,000 and has deposited said sum with the clerk of the Superior Clerk for the Judicial District of Fairfield at Bridgeport.
The condemnee, Max Velenchik has filed an appeal claiming aggrievement in that the amount of $56,000 does not reflect just compensation for the taking.
At the hearing, appraiser F rank Brennan, testified on behalf of Velenchik. Brennan determined that the highest and best use for the property would be for outside storage. He testified that a building on the property was in deplorable state and.that the land value would increase with the demolition of the building. It was his opinion that this would enable Velenchik to divide the land into sixty two (62) spaces to accommodate the storage of cars. He then reasoned that an entrepreneur would be willing to pay the landlord one dollar ($1) per day for each of the 62 spaces which would amount to an annual income of 822, 630 to the landlord. Using the capitalization of income method at 10%, he arrived at a fair market value of $226,300, which he reduced to $198,300 representing a demolition expense of $28,000 for the building.
Brennan testified that his income method was the most appropriate because he could find no comparable sales zoned industrial close to the subject size. He readily admitted that his en tire appraisal rested on the availability of an entrepreneur willing to pay $62 per day regardless for vacancies.
The court is unable to lend must credence to Brennan's analysis. As readily admitted under cross examination, it initially depended on a speculative entrepreneur who it was speculated would be willing to pay $1 per day for each of 62 storage spaces, which had not yet been laid out. In CT Page 13436-ad the court's view the capitalization of income method should only be used in cases of actual income already established, not speculation.
In this connection, the court relies on the case of Robinson v.Westport, 222 Conn. 402 in which it was contended by the landowner that a residential subdivision was the highest and best use of undeveloped land. Our Supreme Court at page 406, stated "In determining its highest and best use the trial referee must consider whether there was a reasonable probability that in the reasonably near future the subject property will be subdivided."
The Supreme Court found that the trial court rejected the lot method because it concluded that the plaintiff's evidence as to the value of hypothetical completed subdivision lots was too speculative.
Similarly in our case, the court finds that an undetermined entrepreneur, together with what such would be willing to pay for a hypothetical completed storage area of 62 spaces, is too speculative.
Counsel attempts to equate this case with Pantchenko v. BRA, Bridgeport CV98 0355044. The comparison is a fragile one. Pantchenko never sought an entrepreneur or attempted to divide his property into parceling slots for the purpose of leasing storage space. Pantchenko conducted a thriving business, buying and selling all kinds of used metal equipment and scrap metal. As a result his property had unique value, following the rule in a line of cases starting with Housing Authority v. Lustig, 139 Conn. 73, which adopted the rule that "the fact that a given business is in operation on the property should be taken into consideration in determining the market value of the real property if in truth it is a factor in establishing the market value if, that is, the use of the real property for the purpose enhances the value of it.
There was no business being conducted in the Velenchik property which even remotely enhanced its value.
The court finds the fair market value of subject property on the date of taking to be $66,000 in accordance with the appellee's appraiser's report.
Judgment may enter in the amount of $10,000, the excess over the deposit of $56,000, together with an appraisal fee of $5,500 and $750 for Brennan's testimony, plus statutory interest from the date of taking to the date of payment. CT Page 13436-ae
Belinkie, Judge Trial Referee