The Arrow-Hart and Hegeman Electric Company
*v.* Greater Hartford Flood Commission

Superior Court     Hartford County     File No. 132354

Memorandum filed February 17, 1965

*Shipman & Goodwin,* of Hartford, for the plaintiff.

*Alexander A. Goldfarb,* of Hartford, for the defendant.

SHAPIRO, J. This action is an appeal from assessment of benefits and damages from the Greater Hartford flood commission. In its motion, the plaintiff seeks an order requiring the defendant to produce for copying the report of each of the appraisers who, on behalf of the defendant, has appraised the damages to the plaintiff resulting from the defendant's taking. The defendant objects for the reason that such information is part of the work product of its attorney and is, therefore, privileged and confidential.

"In any civil action, the court, upon motion of any party, may order disclosure of facts or disclosure, production and inspection of papers, books

or documents by any party thereto, material to the mover's cause of action . . . and within the knowledge, possession or power of the party to whom the motion is addressed." Practice Book § 167; General Statutes § 52-197. For good cause shown, the court may compel disclosure by an order. Practice Book § 168. Good cause shall include a showing that the disclosure sought (a) would be of assistance in the prosecution . . . of such action, and (b) if not within the exclusive knowledge or power of the party sought to be interrogated, can be provided by such party with substantially greater facility than it could be otherwise obtained by the moving party. Practice Book § 168.

This case involves a partial taking from the plaintiff, which owns and operates a manufacturing plant. The complaint shows an involved situation dealing with buildings, bridges, underground utility lines, and loss of parking and trucking facilities, in addition to the land. The plaintiff alleges business disruption and dislocation. From this, it becomes apparent that the issue of valuation is complex and the trier of fact will be confronted with that.

It was argued by the plaintiff, in effect, that it was going about its business when the defendant appeared on the scene, armed with legislative-given power, and seeks to expropriate its property. However, this power of eminent domain is nothing new in Connecticut. There can be no dispute that the plaintiff, in the case of such taking, is entitled to just compensation by being paid the fair market value of the taking. *DelVecchio* v. *New Haven Redevelopment Agency*, 147 Conn. 362. The determination of just compensation to the owner, as contemplated by the constitutional guarantee, is to be arrived at more by equitable principles than a strictly legal or technical approach. *United States*

v. *Nahant,* 153 F. 520, 521 (1st Cir.); 18 Am. Jur. 873, Eminent Domain, § 240.

However, the real issue here is not the ultimate conclusion in this case, namely the determination of just compensation, but rather the right, before trial, of the plaintiff to the defendant's own appraisal. This information would be used by the plaintiff in conjunction with its own appraisal. Logically, such use could only be contemplated in order to bolster and support the plaintiff's appraisal. The plaintiff argues that this is a very complicated situation and that the testimony of experts in cases like this becomes critical and that adequate cross-examination is crucial, and in order to be prepared it would require the production of the reports for study, analysis and evaluation.

We cannot lose sight of the fact that ours is an adversary system. This case is no different than any where experts testify and there results a conflict in that testimony to be resolved by the trier. It becomes the trier's problem to ascertain where the truth lies. The ability to appraise this property was made equally available to both sides. This is the same problem that always arises when experts give their opinions, because each one may have his own method and mental process. This method and mental process is subject to examination and cross-examination in the courtroom. There appears to be no reason why the defendant's appraisers should be treated any differently than other experts called into a case for the purpose of expressing an opinion and the basis for it. After all, the plaintiff, in its brief, points to the real reason for wanting the appraisals by stating that "it is trying to limit the issues, to ascertain the basis for the defendant's assessment and to prepare for the cross-examination of the most crucial witness." The appraisals are a

work product and as such are privileged and confidential. By our rules for disclosure and production, no good cause has been shown. Practice Book § 168.

For the reasons given, the motion is denied.