[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, John Colabatistto, brings this action in two counts to recover for injuries and damages sustained as the result of an incident which occurred at 110 Hayestown Road, Danbury, on July 4, 1999.
In his complaint, the plaintiff alleges that he was attending a pool party at the invitation of the defendant, Jay Taborsak.
The party was being held at the home of the defendant's parents, where he resided.
At approximately 10 p.m., while the plaintiff was standing in the shallow end of a pool located on the property, the defendant, along with one Josh Golden, jumped into the swimming pool, after accelerating with a running start. CT Page 15397
The plaintiff claims that Josh Golden collided with him, causing him to sustain injuries and damages as set forth in his complaint.
The First Count of the Amended Complaint dated May 23, 2001, alleges that Jay Taborsak was negligent, in that he participated with Josh Golden, when they jumped into the water.
Count two alleges that the defendant, Jay Taborsak, a resident at his parents' home, failed to properly and adequately supervise his guest, Josh Golden, and that that failure to supervise resulted in injuries to the plaintiff
The defendant moves to strike Count Two of the Amended Complaint, arguing that Connecticut does not recognize a cause of action based on breach of a duty by one adult, to supervise the activities of another adult, absent special circumstances not presented in this case.
In the Second Count, the plaintiff claims that Jay Taborsak "failed to adequately supervise his guest, Josh Golden, having knowledge of Golden's plan to leap into the pool in the area where the plaintiff was standing and having knowledge that Golden had consumed substantial amounts of alcoholic beverages, and that he knew or should have known that Golden's actions presented a risk of injury to the plaintiff"
 STANDARD OF REVIEW — MOTION TO STRIKE
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989). It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the non-moving party. Rowe v.Godou, 209 Conn. 273, 278 (1988); Amodio v. Cunningham, 182 Conn. 80, 82
(1980).
If facts provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 825-26
(1996).
 COUNT TWO SETS FORTH A CAUSE OF ACTION BASED ON A DUTY OWED THE PLAINTIFF BY THE DEFENDANT
Count Two alleges that the defendant, Jay Taborsak, was negligent based upon his alleged failure to supervise and control the actions of his guest, Josh Golden. CT Page 15398
No claim is made that the premises at 110 Hayestown Road were defective in any way.
The defendant's parents, the owners of the property, are not parties to this action.
The complaint alleges that Josh Golden consumed substantial amounts of alcohol.
However, no claim is made that the defendant either served alcohol beverages to Golden, or sold any alcoholic beverages to him.
No claim is made pursuant to the Dram Shop Act § 30-102 of the General Statutes.[1]
The question presented is whether the defendant, Jay Taborsak, as the host of the party, owed a duty to the plaintiff, John Colabatistto, to supervise the activities of another guest, Josh Golden?
Duty is a legal conclusion about relationships between individuals, made after the fact. There can be no actionable negligence, unless there exists a duty of care. Waters v. Autuori, supra, 826; Frankovitch v.Burton, 185 Conn. 14, 20 (1981).
The nature of the duty, and the specific person to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. Jaworski v. Kiernan, 241 Conn. 399, 405 (1997); RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 385 (1994).
Whether a duty exists is a question of law for the court. Shore v.Stonington, 187 Conn. 147, 151 (1982). Only if a duty is found to exist, does the trier of fact go on to determine whether the defendant has violated that duty. Petriello v. Kalman, 215 Conn. 377, 382-83 (1990).
The test for the existence of a legal duty is twofold. It entails: (1) a determination of whether an ordinary person in the defendant's position, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered by the plaintiff was likely to result; and (2) a determination, based upon considerations of public policy, of whether the defendant's responsibility for the negligent conduct should be extended to the particular consequences or the particular plaintiff in this case. Lodge v. Arett Sales Corp.,246 Conn. 563, 572 (1998).
Based upon the facts alleged, the plaintiff's injuries were undoubtedly a foreseeable result of Golden's conduct. CT Page 15399
Further, the defendant, Jay Taborsak, who jumped into the pool simultaneously with his guest, was aware of Golden's activities.
Therefore, the first prong of the test utilized to determine the existence of a duty has been satisfied.
The public policy question concerns whether a duty of care should be recognized in a situation in which a host fails to supervise the activities of an adult guest.
In determining whether, as a matter of public policy, a duty should be recognized, the Connecticut Supreme Court in Mendillo v. Board ofEducation, 246 Conn. 456 (1988), provided five basic areas of inquiry and analysis.
The court held that considerations should include: (1) whether the recognition of a cause of action would require arbitrary limitations; (2) whether any additional economic burden is to be imposed upon the general public; and (3) the uncertainty that the recognition of a duty would yield significant social benefits; (4) any risk of a double recovery; and (5) the weight of judicial authority. Mendillo v. Board of Education, supra, 484-85; (see also Irons v. Cole, 26 Conn. Sup. 1, 5 (1999) (Hodgson,J.)).
The Restatement (Second) of Torts § 318, recognizes a duty of one in possession of land to control the conduct of third persons under certain circumstances.
Section 318 provides:
 If the actor permits a third person to use land or chattels, in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor (a) knows or has the reason to know that he has the ability to control the third person, and (b) knows or should know of the necessity and opportunity for exercising such control.
There is no claim in this case that Josh Golden intended to injure the plaintiff, John Colabatistto. CT Page 15400
Therefore, applying the Restatement (Second) criteria, the defendant, Jay Taborsak, owed a duty to the defendant if four factors are satisfied: (1) the defendant was in possession or control of the property; (2) he was actually present when the actions of the third person occurred; (3) he knew or had reason to know that he had the ability to control the third person; and (4) he knew or should have known of the necessity of exercising such control.
As a guest of the defendant, the plaintiff, John Colabatistto, was owed the same duty or care as a business invitee, pursuant to § 52-557a of the General Statutes.[2]
This includes not only a duty to keep the premises in reasonably safe condition, but a duty to protect invitees from dangers which might reasonably be anticipated to arise from activities taking place on the premises. Merhi v. Becker, 164 Conn. 516, 520 (1973).
Although the defendant, Jay Taborsak, was not the owner of the property, he could be found to be in possession of the property, and he was present when Josh Golden jumped in to the swimming pool.
It might also be found that he should have know of the risk involved in Golden's conduct, and should have made an effort to restrain or control Golden's activities.
Therefore, based upon the rule announced in Restatement (Second) of Torts § 318, it is found that a duty of care exists in this case, running from the defendant, Jay Taborsak, to the plaintiff, John Colabatistto.
The trier of fact is therefore permitted to determine whether that duty was breached, and whether any such breach was the proximate cause of any injuries claimed by the plaintiff.
Because a duty of care is found to exist, based upon all facts as pleaded in the Amended Complaint, the defendant's motion to strike the Second Count is denied.
Radcliffe, J.